IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| JILL ALTMAN, Individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>WHITE HOUSE BLACK MARKET, INC., and DOES 1-10,<br><br>Defendants. | Civil Action No. 1:15-cv-02451-SCJ-CMS |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.   Description of Case**:

(a)   Describe briefly the nature of this action.

Plaintiff filed this proposed class action on behalf of herself and a class alleging that Defendant willfully violated the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681c(g) by providing credit card customer receipts containing the expiration date and/or more than five numbers of each customer's credit or debit card within the last five years.  Defendant denies

that it willfully violated FACTA/FCRA and denies that the case is appropriate for class certification.

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

On May 16, 2015, Plaintiff used her American Express credit card to make a purchase at one of Defendant's stores. Defendant provided Plaintiff with a customer receipt that contained more than the last five (5) digits of Plaintiff's credit card number, specifically the first six and the last four digits of Plaintiff's credit card, which Plaintiff alleges is a willful violation of FACTA. Plaintiff alleges that Defendant's willful failure to comply with FACTA involved thousands of transactions and therefore is subject to class action status. Plaintiff alleges that Defendant knew or should have known of FACTA's requirements and still failed to comply with the statute. Defendant denies that it committed any violations of FACTA and maintains that it followed reasonable procedures to ensure compliance with FACTA's requirements.

(c)     The legal issues to be tried are as follows:

        (i)     Whether Defendant failed to comply with FACTA;

    (ii) Whether any failure by Defendant to comply with FACTA was willful;

    (iii) Whether Defendant's alleged noncompliance with FACTA results in Defendant's liability for actual damages sustained by the consumer(s) or statutory damages of not less than $100 and not more than $1000 per violation, punitive damages, injunctive relief and attorneys' fees;

    (iv) Whether class action status for Plaintiff's claim against Defendant is appropriate; and

    (v) Whether Plaintiff has standing to bring her claim.

 (d) The cases listed below (include both style and action number) are:
  (1) Pending Related Cases: <u>There are no pending related cases</u>.

  (2) Previously Adjudicated Related Cases: <u>There are no previously adjudicated related cases</u>.

**2.** This case is complex because it possesses one or more of the features listed below (please check):

 _x_ (1) Unusually large number of parties
 ___ (2) Unusually large number of claims or defenses

    ___    (3)    Factual issues are exceptionally complex

    ___    (4)    Greater than normal value of evidence

    ___    (5)    Extended discovery period is needed

    ___    (6)    Problems locating or preserving evidence

    ___    (7)    Pending parallel investigations or action by government

    ___    (8)    Multiple use of experts

    ___    (9)    Need for discovery outside United States boundaries

    ___    (10)    Existence of highly technical issues and proof

    ___    (11)    Unusually complex discovery of electronically stored information

**3.**    **Counsel**:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

Bryant T. Lamer
Spencer Fane
1000 Walnut Street
Suite 1400
Kansas City, MO 64106
816-292-8296
Fax:  816-474-3216
blamer@spencerfane.com

Shimshon E. Wexler
Shimshon Wexler, Attorney at Law
1411 Dalewood Drive, NE
Atlanta, GA 30329
212-760-2400
Fax:  917-512-6132
swexleresq@gmail.com

Defendants:

Barry Goheen
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
404-572-4600
Fax: 404-572-4618
Email: bgoheen@kslaw.com

**4.    Jurisdiction**:

Is there any question regarding this Court's jurisdiction?

X Yes___ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority. See Attachment 1.

**5.    Parties to This Action**:

(a)    The following persons are necessary parties who have not been joined: None.

(b)    The following persons are improperly joined as parties: None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings**:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary. <u>None</u>.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions**:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: Within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

The parties request the following amendments to the rules with respect to page limitation and briefing deadlines. The parties request page limitations are expanded to forty (40) pages for opening summary judgment and class certification briefing, forty (40) pages for any response to summary judgment and class

certification briefing, and twenty (20) pages for any reply to summary judgment and class certification briefing.

Further, the parties respectfully request the following briefing deadlines are set such that any motion for summary judgment is filed within 30 days following the close of discovery, any response will be filed 30 days after the summary judgment brief, and any reply is filed 21 days after the filing of the response.

Pursuant to Local Rule 23.1 B, because Defendant has filed a motion to dismiss, and the parties will not commence discovery until after this Court rules on the motion to dismiss pursuant to Local Rule 26.2, the parties respectfully request the following briefing deadlines are set such that any motion for class certification will be filed on or before 90 days following the Defendant filing its answer, that any response will be filed 30 days after the opening class certification brief is filed, and any reply is filed 21 days after the filing of the response.

**8.     Initial Disclosures**:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties have agreed to serve their respective initial disclosures on or before October 15, 2015.

**9.    Request for Scheduling Conference**:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference with the Court.

**10.    Discovery Period**:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. the track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties respectfully request assigning this case to the eight (8) month track given the class action status sought in the case and the need for fact and class certification discovery.

Plaintiff will require discovery regarding the number of credit card transactions performed by Defendant during the class period, the number of customer receipts provided by Defendant during the class period, discovery of any

third-party vendor used by the Defendant to provide point of sale transactions, the Defendant's internal systems and machines used to provide customer receipts for credit card transactions, Defendant's knowledge of FACTA and it requirements, Defendant's policies and procedures for protecting consumers' personal and financial information, Defendant's participation in trade organizations or associations, Defendant's methods for Defendant's internal identification of customer transactions, Defendant's methods for storing information obtained from consumers, the length of time and Defendant's basis for keeping customer information concerning transactions, Defendant's former or current insurance policies, and prior violations of FACTA by Defendant. Plaintiff may require discovery in other areas as the case develops.

In the event the Court denies Defendant's pending motion to dismiss, Defendant will require discovery on Plaintiff's personal history, Plaintiff's adequacy as a class representative, and other matters alleged in the Complaint.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues,

please state those reasons in detail below:  The parties do not believe additional time beyond eight (8) months is necessary.

**11. Discovery Limitation and Discovery of Electronically Stored Information**:

(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The parties have agreed to increase the number of interrogatories to thirty-five (35).  All other limitations set for the under the Federal Rules of Civil Procedure will be followed.

(b)     Is any party seeking discovery of electronically stored information?

X Yes___ No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the discovery of electronically stored information and are continuing their discussions, including the categories of information from which they will likely need discovery and the potential scope of the production.  The parties will supplement this report with additional information.

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF

files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion of exclusion and use of metadata, and have agreed as follows:

The parties have discussed the discovery of electronically stored information and are continuing their discussions, including the format for the production of electronically stored information. The parties will supplement this report with additional information.

12. **Other Orders**:

What other orders do the parties think that the Court should enter under Rule 269(c) or under Rule 16(b) and (c)?

The parties are working together on a proposed protective order concerning the disclosure of documents obtained during discovery. Once the proposed order is finalized, the parties will submit a draft for the Court's review on this subject.

13. **Settlement Potential**:

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 30, 2015, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):   s/Bryant Lamer

Other participants: _____

For defendant: Lead counsel (signature):   s/Barry Goheen

Other participants: _____

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(____) A possibility of settlement before discovery.

(____) A possibility of settlement after discovery.

(____) A possibility of settlement, but a conference with the judge is needed.

(X) No possibility of settlement.

(c) Counsel (X) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20__.

(d) The following specific problems have created a hindrance to settlement of this case.

None at this time.

**14. Trial by Magistrate Judge**:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this cased tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of the court this _____ day of _____, 20___.

(b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

s/Bryant Lamer_____     s/Barry Goheen_____
Counsel for Plaintiff        Counsel for Defendant

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

# SCHEDULING ORDER

  Upon review of the information contained in the Joint Preliminary Report and Discovery plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of civil Procedure and the Local Rules of this court, except as herein modified:

_____
_____
_____
_____

  IT IS SO ORDERED, this ____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

## ATTACHMENT NO. 1
## JURISDICTIONAL OBJECTION

Defendant has filed a motion to dismiss pursuant to Rule 12(b)(1) alleging that Plaintiff's claim does not satisfy Article III's standing requirements. Defendant's arguments are set forth in Docket 13.