IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JILL ALTMAN, individually and on behalf of a class,<br><br>        Plaintiff,<br><br>        v.<br><br>WHITE HOUSE BLACK MARKET, INC., and DOES 1-10,<br><br>        Defendants. | CIVIL ACTION FILE NO.<br><br>1:15-cv-02451-SCJ-CMS |

## MAGISTRATE JUDGE'S SCHEDULING ORDER AND INSTRUCTIONS REGARDING SUMMARY JUDGMENT MOTIONS

The parties have filed their joint Preliminary Report and Discovery Plan ("PRDP"). The time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in that PRDP form.

The parties have requested, and the Court **APPROVES and ADOPTS**, the following amendments to the rules governing page limitations and briefing deadlines:

**(1) Page Limits.** The page limit for opening and response summary judgment and class certification briefing is now **forty (40) pages**; reply briefing for both summary judgment and class certification is limited to **twenty (20) pages**.

**(2)    Briefing Deadlines for Summary Judgment Motions.**  Motions for summary judgment shall be filed within **thirty (30) days** following the close of discovery.  The nonmovant shall file its response on or before **thirty (30) days** after the filing of the summary judgment motion and brief.  The movant shall file its reply on or before **twenty-one (21) days** after the filing of the nonmovant's response.

**(3)    Commencement of Discovery and Discovery Track.**  Defendant has filed a motion to dismiss, which remains pending before this Court.  Accordingly, the discovery period has not yet commenced.  LR 26.2(A), NDGa.  Should the Court deny the motion to dismiss, the parties have requested an **eight (8) month discovery track**, given the class action status sought in this case and the need for fact and class certification discovery.  This request appearing reasonable, the Court **GRANTS** the parties' request.  Accordingly, should the Court deny Defendant's motion to dismiss, the discovery period shall commence **thirty (30) days** after the Defendant files its answer, and end eight (8) months later.  LR 26.2(A), NDGa.

**(4)    Motions for Class Certification.**  In the event Defendant's motion to dismiss is denied, any motion for class certification shall be filed on or before **ninety (90) days** following the filing of Defendant's answer, unless otherwise ordered by the Court.  The nonmovant's response shall be filed on or before **thirty (30) days** after the

AO 72A
(Rev.8/82)

opening class certification brief is filed, and any reply shall be filed on or before **twenty-one (21) days** after the filing of the response.

This action will be set for trial after all dispositive motions have been ruled on, provided claims remain for disposition.

### NOTICE REGARDING SUMMARY JUDGMENT MOTIONS

You are hereby notified that, within 30 days from the date a motion for summary judgment is served upon you by an opposing party, you must file all materials – including any affidavits, depositions, answers to interrogatories, admissions on file, and any other relevant materials – which you wish to be considered in opposition to the motion for summary judgment. Federal Rules of Civil Procedure, Rule 56(c); Local Rule 56.1, NDGa.; Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

You are also notified that, unless otherwise stated by the trial court, the court will take the motion for summary judgment under advisement immediately upon the expiration of the 21-day period for filing a reply, and may rule upon it at anytime thereafter.  Absent unusual circumstances, a hearing will *not* be scheduled for consideration of the motion.  See Moore, 703 F.2d at 519.  See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright, 772 F.2d 822,

3

825 (11th Cir. 1985).

The entry of summary judgment by the trial court is a *final* judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). Whenever the nonmoving party bears the burden of proof at trial on a dispositive issue, and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the nonmoving party must go beyond the pleadings and must designate, by affidavit or other materials, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

## REQUIREMENTS FOR SUMMARY JUDGMENT MOTIONS

1. Statement of Undisputed Material Facts

Whenever a motion for summary judgment is filed, it must be accompanied by "a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried." LR 56.1(B)(1), NDGa. "Each material fact must be numbered separately and supported by a citation to evidence proving such fact. The court will not consider any fact: (a) not supported by a citation to evidence (including page or paragraph number); (b) supported by a citation to a pleading rather than to evidence; (c) stated as an issue or legal conclusion; or (d) set out only in the

4

brief and not in the movant's statement of undisputed facts." Id.

The non-moving party shall file a response to the moving party's statement of undisputed material facts. "This response shall contain *individually numbered, concise, nonargumentative* responses corresponding to each of the movant's numbered undisputed material facts." LR 56.1(B)(2) (emphasis added). Neither party shall include in its statement or response any argument, speculation, or unsupported statements. A respondent to a summary judgment motion shall also include a statement of additional facts which the respondent contends are material and present a genuine issue for trial. Such separate statement of material facts must meet the requirements set out in LR 56.1(B)(1).

The Court will deem as admitted those facts in the moving party's statement that the non-moving party has not directly refuted with a concise response supported by specific citations to evidence (including page or paragraph number). LR 56.1(B)(2).

### 2. Deposition Transcripts

**The original (or a complete copy) of all depositions that are referred to by either party in support of, or in opposition to, a motion for summary judgment shall be filed with the court. Copies of individual deposition pages referred to in the parties' memoranda of law need <u>not</u> be attached to the memoranda or**

**otherwise submitted in a separate form.**

    3.    <u>Length of Brief</u>

Absent written permission by the court, no party may file a brief in support of a motion, or in response to a motion, exceeding 40 double-spaced pages in length, and no party may file a reply brief exceeding 20 double-spaced pages. A motion requesting an increase in the page length for a brief must be filed prior to the due date for the brief. The text of a brief, <u>including footnotes</u>, must be printed in one of the fonts and font sizes specified in Local Rule 5.1(C), or if type written, in a font that produces no more than 10 characters per inch of type.

    4.    Consolidated Pretrial Order

If a motion for summary judgment is filed, the Consolidated Pretrial Order will be due 30 days after the District Court's final ruling on the motion for summary judgment, provided there are matters left to be tried.

**IT IS SO ORDERED**, this 25th day of November, 2015.

_____
**CATHERINE M. SALINAS**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)