# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JILL ALTMAN, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:15-cv-02451-SCJ-CMS |
| vs. | ) ) ) | |
| WHITE HOUSE BLACK MARKET, INC., and DOES 1-10, | ) ) ) | |
| Defendants. | ) | |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant, White House Black Market ("WHMB"), submits this Notice of Supplemental Authority to notify the Court of the United States Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 578 U.S. ____, ___ S. Ct. ___, 2016 WL 2842447 (May 16, 2016), which affects the decision on WHMB's pending motion to dismiss (Doc. 13). A copy of the *Spokeo* decision is attached as Exhibit A.

Like this case, *Spokeo* is a proposed class action brought under the Fair Credit Reporting Act ("FCRA"). In *Spokeo*, the Court made it clear, as WHMB has argued in its motion to dismiss, that a bare violation of a statutory right, without more, cannot satisfy the standing requirement of Article III of the United

States Constitution and that a plaintiff must demonstrate "concrete harm" – which Plaintiff cannot do here.

In reaching its decision in *Spokeo*, the Court explained that "injury in fact is a constitutional requirement, and it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue a plaintiff who would not otherwise have standing." *Spokeo*, Slip Op. at 7. A plaintiff seeking to demonstrate standing must prove that she suffered a harm that is both "particularized" and "concrete." *Id*. An injury cannot be a generalized grievance, but must have affected the plaintiff in a "personal and individual" manner. *Id*. Further, even if a plaintiff can demonstrate that an injury is particularized, she must still demonstrate that it is "concrete" or, as the Court described it, the injury must "actually exist," and abstract injuries do not count. *Id*. at 8.

Finally, the Court explained that a plaintiff does not automatically establish an injury in fact just because a statute grants her a right and authorizes a lawsuit to protect it. *Id*. at 9. A concrete injury is still required. *Id*. at 10. Thus, "[a] violation of one of the FCRA's procedural requirements may result in no harm." *Id*.

The present case is a perfect example of a plaintiff asserting a claim for a statutory violation with no corresponding concrete injury. Plaintiff merely alleges

that she received a credit card receipt that did not truncate all of the credit card account numbers that FACTA requires be truncated. (Doc. 1, ¶ 21.) She does not seek actual damages. (*Id*. at 13.) She does not allege that she was the actual victim of identity theft as the result of this event. She does not allege that the subject receipt fell into the hands of any third parties, or that anyone else saw the subject receipt.

As WHBM argued in its motion to dismiss, an increased risk of identity theft is not sufficient to satisfy the injury-in-fact requirement for the purposes of satisfying Article III standing. (Doc. 13-1 at 6-11.) This is precisely the type of purported "bare violation" of a statutory right that the Supreme Court held is insufficient in *Spokeo*. All that allegedly happened to Plaintiff is that she was "given a computer-generated cash register receipt that published more than the last five (5) digits of [her] credit card number. (Doc. 1, ¶ 21.) She suffered no harm that was either "particularized" -- because it did not harm her in any "personal and individual way" -- or "concrete" – because, at most, she faces a speculative risk of future identity theft.

In the wake of the Supreme Court's *Spokeo* decision and the well-established precedent cited in WHBM's motion, this Court should grant WHBM's

that she received a credit card receipt that did not truncate all of the credit card account numbers that FACTA requires be truncated. (Doc. 1, ¶ 21.) She does not seek actual damages. (*Id*. at 13.) She does not allege that she was the actual victim of identity theft as the result of this event. She does not allege that the subject receipt fell into the hands of any third parties, or that anyone else saw the subject receipt.

As WHBM argued in its motion to dismiss, an increased risk of identity theft is not sufficient to satisfy the injury-in-fact requirement for the purposes of satisfying Article III standing. (Doc. 13-1 at 6-11.) This is precisely the type of purported "bare violation" of a statutory right that the Supreme Court held is insufficient in *Spokeo*. All that allegedly happened to Plaintiff is that she was "given a computer-generated cash register receipt that published more than the last five (5) digits of [her] credit card number. (Doc. 1, ¶ 21.) She suffered no harm that was either "particularized" -- because it did not harm her in any "personal and individual way" -- or "concrete" – because, at most, she faces a speculative risk of future identity theft.

In the wake of the Supreme Court's *Spokeo* decision and the well-established precedent cited in WHBM's motion, this Court should grant WHBM's

motion based on Plaintiff's lack of particularized, concrete harm or, indeed, any harm at all.

Dated: May 20, 2016.

Respectfully submitted,

KING & SPALDING LLP

*/s/ J. Anthony Love*
Barry Goheen (Ga. Bar No. 299203)
J. Anthony Love (Ga. Bar. No. 459155)
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: bgoheen@kslaw.com
Email: tlove@kslaw.com

*Attorneys for Defendant White House Black Market, Inc.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that 14-point Times New Roman was used for this document and that it has been formatted in compliance with Local Rule 5.1.

DATED: May 20, 2016.

*/s/ J. Anthony Love*
J. Anthony Love

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing Notice of Supplemental Authority with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Shimshon Wexler
Attorney at Law
1411 Dalewood Drive NE
Atlanta, GA 30329
swexleresq@gmail.com

Bryant T. Lamar
Spencer Fane Britt & Brown - MO
STE 1400
Kansas City, MO 64106
blamar@spencerfane.com

*Attorneys for Plaintiff*

DATED: May 20, 2016.

*/s/ J. Anthony Love*
J. Anthony Love (Ga. Bar. No. 459155)