IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JILL ALTMAN** *individually and on behalf of a class*, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:15-CV-02451-SCJ-CMS |
| **WHITE HOUSE BLACK MARKET, INC.,** | |
| Defendant. | |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Defendant White House Black Market, Inc.'s ("WHBM's" or "Defendant's") Motion to Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(1) and/or, in the alternative, Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 13). Plaintiff has filed a brief opposing Defendant's motion to dismiss, and Defendant has filed a reply. (Docs. 17, 18). The motion has been fully briefed and is before the Court for its consideration.

## I. BACKGROUND

Plaintiff Jill Altman ("Plaintiff") has brought this consumer protection action, individually and on behalf of a class, under the Fair and Accurate Credit Transactions Act ("FACTA") amendment, 15 U.S.C. § 1681c(g), to the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. §§ 1681, *et seq*. The FACTA amendment prohibits a person accepting credit cards or debit cards for the transaction of business from "print[ing] more than the last 5 digits of the card number ... upon any [electronically printed] receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). Plaintiff's complaint alleges that Defendant WHBM violated FACTA, and thus the FCRA, by providing Plaintiff with a credit card receipt at the point of sale at its store in Phipps Plaza in Atlanta, Georgia that contained the first six and last four digits of Plaintiff's credit card number. (Doc. 1, Compl., ¶¶ 21-22). Plaintiff asserts that the number of digits published on the receipt exceeded the five digits permitted under FACTA. Plaintiff alleges that Defendant WHBM's statutory violation "increases the possibility of identity theft or fraud" and that "Defendant's wanton violation is tantamount to turning over Plaintiff's physical credit card to an identity thief." (Id. ¶¶ 3, 22). Plaintiff alleges "[o]n information and belief" that Defendant WHBM "was providing improperly truncated receipts to their customers at all of their locations." (Id. ¶ 54). Plaintiff further alleges that the violation was willful because WHBM persisted in providing improperly truncated printed receipts to customers at its stores despite knowing and repeatedly being informed about FACTA's truncated receipt requirement. (Id. ¶ 50).

2

AO 72A
(Rev.8/82)

Plaintiff does not allege actual damages, but seeks to recover statutory damages for willful noncompliance under a provision of the FCRA, 15 U.S.C. § 1681n, which governs liability for FACTA violations. That provision states:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of ... any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

15 U.S.C. § 1681n(a)(1)(A).  Plaintiff also seeks punitive damages, attorneys' fees and costs.  (Compl. at 13-14).

In its motion to dismiss, Defendant argues that Plaintiff lacks standing to pursue her claims because she has not alleged that she suffered an "injury-in-fact"; Plaintiff merely alleges that the supposed statutory violation gives rise to an increased possibility of identity theft.  Defendant argues that Plaintiff's complaint therefore lacks adequate (or any) allegations of an actual or imminent injury sufficient to satisfy Article III's injury-in-fact requirement for standing.  Defendant argues that Plaintiff has also failed to satisfy the other two requirements necessary to establish Article III standing; accordingly, Plaintiff's complaint is subject to dismissal pursuant to Rule 12(b)(1).

In the alternative, Defendant argues that dismissal is warranted under Rule 12(b)(6).  Defendant argues that Plaintiff's complaint asserts only one claim: that

3

Defendant willfully violated the FACTA amendment to the FCRA. Defendant asserts that Plaintiff has failed to plead facts sufficient to create a plausible inference that Defendant acted willfully (or recklessly).

## II. DISCUSSION

**A.  FACTA**

Congress enacted FACTA "to prevent identity theft," Fair and Accurate Credit Transactions Act of 2003, Pub. L. No. 108-159, 117 Stat.1952, and the restriction on printing more than the last five digits of a card number was specifically intended "to limit the number of opportunities for identity thieves to 'pick off' key card account information," S. Rep. No. 108-166, at 13 (2003).   Hammer v. Sam's East, Inc., 754 F.3d 492, 500 (8th Cir. 2014). Plaintiff contends that under FACTA, consumers have "a legally protected interest in being handed a receipt that omits certain of [their] credit card information." (Doc. 17, Pl.'s Br. in Opp'n, at 10 [citing Hammer v. JP's Sw. Foods, L.L.C., 739 F. Supp. 2d 1155, 1162 (W.D. Mo. 2010)]).  Plaintiff concedes that she was not the victim of identity theft, but asserts that violation of her statutory FACTA right not to have more than five digits of her credit card number printed on a point-of-sale receipt constitutes an injury-in-fact sufficient to satisfy the Article III standing requirement.

4

## B.     Article III Standing

Article III of the United States Constitution limits the jurisdiction of the federal courts to the consideration of actual cases and controversies. Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (citing U.S. Const Art. III § 2). "The standing doctrine is an aspect of this case or controversy requirement ... and has its origins in 'both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'" Cone Corp. v. Florida Dep't of Transp., 921 F. 2d 1190, 1203 (11th Cir. 1991) (citing Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 2204, 45 L.Ed.2d 343 (1975)).  The "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Stalley, 524 F.3d at 1232 (citing Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1003 (11th Cir. 2004)).  "[F]irst and foremost, there must be alleged ... an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." Id. "An interest unrelated to injury in fact is insufficient to give a plaintiff standing." Id. (citing Vermont Agency of Nat. Res. v. United States ex rel. Stevens, 529 U.S. 765, 772, 120 S. Ct. 1858, 1862 (2000)). A plaintiff without an

injury in fact lacks Article III standing, and the federal courts do not have jurisdiction over his or her complaint. Id.

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." Id. (quoting Cone Corp. v. Fla. Dep't of Transp., 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)). A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice. Id. (citing Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984)).

On May 16, 2016, the United States Supreme Court issued its ruling in the matter of Robins v. Spokeo, Inc., 742 F.3d 409 (9th Cir. 2014), *cert. granted sub nom.* Spokeo, Inc. v. Robins, 135 S. Ct. 1892 (Apr. 27, 2015) that squarely settles the question of whether a mere violation of a legal right granted to a consumer by statute is sufficient to constitute an injury-in-fact for Article III standing. The question before the Supreme Court in Spokeo was "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Pet. for Writ of Cert., Spokeo, No. 13-1339, 2014 WL 1802228, at *i (May 1, 2014). The Court held that a consumer may not satisfy the

6

injury-in-fact demands of Article III standing by merely alleging a bare procedural violation of the FCRA. Spokeo, Inc. v. Robins, No. 13-1339, ___ S. Ct. ___, 2016 WL 2842447, at *8 (May 16, 2016). In other words, when a plaintiff alleges injury to rights conferred by a statute, a federal court has subject matter jurisdiction only where the plaintiff has both statutory and constitutional standing. Katz v. Pershing, LLC, 672 F.3d 64, 75 (1st Cir. 2012).

According to the Supreme Court in Spokeo, a plaintiff invoking federal jurisdiction bears the burden of establishing the "irreducible constitutional minimum" of standing by demonstrating each of the following three elements: (1) that the plaintiff suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Spokeo, 2016 WL 2842447, at *5 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992) (other citation omitted)). The injury-in-fact requirement requires a plaintiff to allege and show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. at *6 (citing Lujan, 504 U.S. at 560). The Supreme Court emphasized that "[i]njury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the

7

right to sue to a plaintiff who would not otherwise have standing.'" Id. (citation omitted). In addition, the plaintiff must allege and show a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Lujan, 504 U.S. at 560 (citing Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42, 96 S. Ct. 1917, 1926 (1976)). The plaintiff must also allege sufficient facts to show that it is "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." Id. (citation omitted). Where, as here, a case is at the pleading stage, the plaintiff must clearly ... allege facts demonstrating" each element of constitutional standing. Spokeo, 2016 WL 2842447, at *5 (citing Warth v. Seldin, 422 U.S. 490, 518, 95 S. Ct. 2197 (1975)).

In this case, Plaintiff's complaint alleges no more than a bare procedural violation of FACTA, and therefore does not satisfy the demands of Article III. Plaintiff has not adequately alleged "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." A hypothetical increased risk of future identity theft is the only "injury" implicated by the complaint's allegations. Under established Supreme Court precedent, "allegations of possible future

injury" are insufficient to establish standing. See Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) (discussing the requirements of Article III standing in the context of government surveillance).

In sum, Plaintiff has failed to satisfy the requirements of Article III standing. Her complaint fails to allege sufficient (or any) facts from which the Court could infer that Plaintiff suffered a concrete, particularized actual or imminent injury that is "fairly traceable" to the alleged FACTA violation that is likely to be redressable by a favorable ruling. Accordingly, I **RECOMMEND** that Defendant's Rule 12(b)(1) motion to dismiss be **GRANTED**. Dismissal without prejudice is appropriate where, like here, the plaintiff lacks standing because she has failed to allege or show that she suffered an injury in fact, and the court therefore lacks subject matter jurisdiction over the plaintiff's complaint.[1]

### III. CONCLUSION

For the reasons stated, I **RECOMMEND** that Defendant White House Black Market, Inc.'s Motion to Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. 13), be **GRANTED**.

---

[1] Because dismissal is appropriate pursuant to Rule 12(b)(1), the undersigned does not address or reach Defendant's alternative motion to dismiss pursuant to Rule 12(b)(6) for failure to state a plausible claim for willful FACTA/FCRA violations.

9

**IT IS SO RECOMMENDED**, this 23rd day of May, 2016.

_____
**CATHERINE M. SALINAS**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)