UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JILL ALTMAN, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:15-cv-02451-SCJ-CMS |
| vs. | ) ) | |
| WHITE HOUSE BLACK MARKET, INC., and DOES 1-10, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT WHITE HOUSE BLACK MARKET, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE FINAL REPORT AND RECOMMENDATION RECOMMENDING GRANTING WHITE HOUSE BLACK MARKET'S MOTION TO DISMISS**

Defendant, White House Black Market, Inc. ("WHBM"), submits its response in opposition to Plaintiff's Objections to the Final Report and Recommendation ("R&R") that WHBM's motion to dismiss be granted.  (Doc. 25.)  In her R&R (Doc. 23), Magistrate Judge Salinas correctly applied the recent decision of the United States Supreme Court in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), and recommended that the Court grant WHBM's Rule 12(b)(1) motion to dismiss Plaintiff's Complaint, brought (as was *Spokeo*) under the Fair Credit Reporting Act ("FCRA"), on the basis that Plaintiff "has failed to allege or

show that she suffered an injury in fact, and the court therefore lacks subject matter jurisdiction over [her] complaint." (*Id*. at 9.)  The R&R should be adopted and Plaintiff's Objections should be overruled.

## **INTRODUCTION**

Plaintiff purports to assert a single claim against WHBM, alleging a violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendments to the FCRA.  Plaintiff alleges that WHBM violated FACTA, and thus the FCRA, by publishing more than the last five digits of her credit card number on her receipt when she made a purchase at the WHBM store at Phipps Plaza in Atlanta.  Despite her admissions that she (1) has no actual damages and (2) has not been the victim of identity theft, Plaintiff proposes a nationwide class action against WHBM.

Magistrate Judge Salinas correctly recommended that Plaintiff's Complaint be dismissed because Plaintiff lacks standing to maintain her lawsuit under Article III of the Constitution and *Spokeo*.  Plaintiff merely alleges that the supposed FCRA violation gives rise to an increased risk of identity theft.  That allegation, however, does not plead an "actual" or "imminent" injury sufficient to satisfy Article III's "injury-in-fact" requirement for standing, as numerous courts,

including the Supreme Court in *Spokeo*, have held.  Accordingly, the Magistrate Judge correctly recommended dismissal under Rule 12(b)(1).

While the Magistrate did not need to address WHBM's alternative motion to dismiss under Rule 12(b)(6) (*see* Doc. 23 at 9 n.1), this Court could dismiss Plaintiff's claims on this alternative basis.  As argued in WHBM's motion to dismiss, Plaintiff's Complaint asserts only one claim – willful violation of FACTA/FCRA – that is not adequately pleaded.  Should this Court decline to adopt the Magistrate's recommendation for dismissal under Rule 12(b)(1), it should dismiss the Complaint under Rule 12(b)(6).

## RELEVANT BACKGROUND

## I.    PLAINTIFF'S COMPLAINT

Plaintiff's one-count Complaint alleges that WHBM violated FACTA, which states:  "[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the card holder at the point of sale or transaction."  (Doc. 1, ¶ 46 (quoting 15 U.S.C. § 1681(c)(g)).)  Plaintiff alleges that, in May 2015, she used a credit card to make a credit card purchase at WHBM's retail store at Phipps Plaza in Atlanta, Georgia.  (*Id.*, ¶ 20.)  At the conclusion of the transaction, Plaintiff alleges, she was given a computer-generated

cash register receipt that published the first six and the last four digits of her credit card in violation of FACTA.  (*Id.*, ¶¶ 46-50.)  Plaintiff speculates that the alleged statutory violation "increases the possibility of identity theft or fraud" and asserts that WHBM's "wanton violation is tantamount to turning over [her] physical credit card to an identity thief."  (*Id.*, ¶¶ 3, 22.)

Plaintiff does not allege that she sustained an actual injury as a result of the purported statutory violation or that she has been the victim of an actual or attempted identity theft, nor does she seek to recover actual damages for the alleged violation. Instead, she alleges that WHBM "willfully failed to comply with FACTA," which purportedly placed "all of its customers' financial identities at risk."  (*Id.*, ¶ 50.) Plaintiff, therefore, seeks only to recover statutory damages under FACTA/FCRA pursuant to 15 U.S.C. § 1681(n).  (*Id.*, ¶ 47.)  Plaintiff also purports to bring a nationwide class action based on these alleged events.  (*Id.*, ¶ 51.)

## II.   THE *SPOKEO* DECISION AND THE R&R

### A.   The Supreme Court's Decision In *Spokeo*

In *Spokeo*, the plaintiff alleged that a website operator violated the FCRA when it published inaccurate information about him.  *See Spokeo*, 136 S. Ct. at 1544.  The Ninth Circuit held that the plaintiff had standing because he had alleged that the defendant violated his personal statutory rights, and because he had a

4

personal, individualized interest in the handling of his credit information.  *Id.* at 1546.

On May 16, 2016, the Supreme Court vacated the Ninth Circuit's decision, reaffirming the principle that a plaintiff must allege that he or she has sustained an "injury in fact" to have standing to sue under Article III.  *Id.* at 1547.  The Court explained that "[i]njury in fact is a constitutional requirement, and it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."  *Id.* at 1547-48.  The Court confirmed that a "bare procedural violation, divorced from any 'concrete harm,'" is not an injury in fact.  *Id.* at 1549.

The Court stated that while the Ninth Circuit had considered whether the plaintiff had proven a particularized injury that "affect[s] the plaintiff in a personal and individual way" (*id.* (citation omitted)), the appellate court had not considered the other component of injury-in-fact – the requirement that the injury be concrete. *Id.*  "A 'concrete' injury must be '*de facto*'; that is, it must actually exist."  *Id.*  In other words, the injury must be "'real' and not 'abstract.'"  *Id.*

### B.     The Magistrate's R&R

One week after the *Spokeo* decision was issued, Magistrate Judge Salinas issued the R&R.  In the R&R, the Magistrate recited the extremely skeletal

allegations in Plaintiff's Complaint:  (1) Plaintiff made a purchase at the WHBM store at Phipps Plaza and received a receipt that contained "the first six and last four digits" of her credit card number; (2) this alleged FACTA violation "increases the possibility of identity theft or fraud"; (3) the alleged violation is "tantamount to turning over Plaintiff's physical credit card to an identity thief"; and (4) the alleged violation was willful because "WHBM persisted in providing improperly truncated printed receipts to customers at its stores despite knowing and repeatedly being informed about FACTA's truncated receipt requirement."  (Doc. 23 at 2.)

Based on those skeletal allegations, and quoting pertinent parts of *Spokeo* (*id.* at 7), the Magistrate held that "Plaintiff's complaint alleges no more than a bare procedural violation of FACTA, and therefore does not satisfy the demands of Article III."  (*Id.* at 8.)  The Magistrate opined that "Plaintiff has not adequately alleged 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  (*Id.*)  Specifically, the Magistrate held that a "hypothetical increased risk of future identity theft is the only 'injury' implicated by the complaint's allegations," and that "[u]nder established Supreme Court precedent, 'allegations of possible future injury' are insufficient to establish standing."  (*Id.* at 8-9 (quoting *Clapper v. Amnesty Int'l*

*USA*, 133 S. Ct. 1138, 1147 (2013).)   Accordingly, the Magistrate concluded, "Plaintiff has failed to satisfy the requirements of Article III standing."  (*Id.* at 9.)

## ARGUMENT

This Court must "make a de novo determination of those portions of the [R&R] to which objection is made."   28 U.S.C. § 636(b)(1)(C).   After this determination, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*

**I.  AS A THRESHOLD MATTER, THE COURT SHOULD DECLINE TO ADDRESS PLAINTIFF'S NEW ARGUMENTS AND REJECT HER RELIANCE ON THE *SPOKEO* CONCURRENCE.**

Plaintiff's Objections make new arguments, not raised before the Magistrate, and also rely on a single-Justice opinion from *Spokeo*.   The Court should ignore those arguments.

### A.  The Court Should Decline To Address New Arguments Plaintiff Makes In The Objections.

In defending WHBM's motion to dismiss on the "injury-in-fact" issue, Plaintiff made a single argument:  "The statutory violation that Plaintiff suffered is, standing alone, sufficient to establish injury-in-fact and standing" because Plaintiff "had a clear and specific statutory right pursuant to FACTA to have certain information redacted from her credit card receipt and because Defendant violated that right by providing her a receipt without fully redacting the required

7

information." (Doc. 17 at 7, 8.) In her Objections, Plaintiff introduces two new arguments in a last-ditch effort to avoid dismissal: (1) "Defendant's disclosure of Plaintiff's credit card information on its transaction receipt invaded Plaintiff's privacy and secrecy interests, both of which are traditionally regarded as providing an independent basis for a lawsuit"; and (2) Plaintiff has standing simply because "she alleges Defendant's violation is willful which, if proven, entitles her to recover between $100 and $1,000 in statutory damages." (Doc. 25 at 14, 23.)

The Court should decline to address these new arguments. In this Circuit, "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1289, 1292 (11th Cir. 2009). In *Williams*, the Eleventh Circuit reasoned that "[b]ecause the magistrate judge system was created to help alleviate the workload of district judges, 'it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and – having received an unfavorable recommendation – shift gears before the district judge.'" *Id.* at 1291-92 (quoting *Paterson-Leitch Co. v. Mass. Municipal Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)).

This Court has followed this black-letter principle. In *Brown v. U.S.*, 2014 WL 2865913 (N.D. Ga. June 24, 2014), the movant, having received an

unfavorable recommendation from the Magistrate, made new arguments in his objections.  This Court refused to consider them, holding:  "The Court declines addressing Movant's [new] allegations … which allegations Movant failed to raise before the Magistrate Judge notwithstanding two opportunities to address the … issue." *Id.*, *3 (citing *Williams*, 557 F.3d at 1290-92).[1]

Consistent with *Williams* and its ruling in *Brown*, the Court should decline to address Plaintiff's new arguments on "privacy and secrecy interests" and "willfulness-equals-standing" because they were not raised in the first instance before the Magistrate.  These new arguments should not be considered.[2]

---

[1] Similarly, in the R&R, the Magistrate held that Plaintiff's Complaint "fails to allege sufficient (or any) facts from which the Court could infer that Plaintiff suffered a concrete, particularized actual or imminent injury that is 'fairly traceable' to the alleged FACTA violation that is likely to be redressable by a favorable ruling." (Doc. 23 at 9.)  In her Objections, Plaintiff does not object to the Magistrate's recommendations concerning the other two elements necessary for standing – traceability and redressability – and, therefore, any objections on these findings are waived and, consequently, support dismissal.

[2] Even if the Court considered these untimely arguments, it should reject them.  Plaintiff erroneously argues that "the actual violation of Plaintiff's personal rights and resulting ability to recover (and impose on Defendant an obligation to pay) statutory damages demonstrates that this case presents a genuine dispute, and thus that Plaintiff has the requisite "personal stake" in its outcome." (Doc. 25 at 23.)  Plaintiff, however, admits that she has not incurred any actual damages, nor has she been the victim of identity theft.  Her newly alleged "privacy and secrecy claims" were not part of her Complaint and, even if they were, do not confer standing.  Furthermore, just two weeks ago, a district court applied *Spokeo* to reject the precise "privacy interests" argument Plaintiff makes here, granting dismissal.

**B.**   **Plaintiff's "Substantive Rights" Argument Is Not The Law In Light Of The *Spokeo* Majority Opinion.**

Plaintiff disingenuously argues that she satisfies Article III's injury-in-fact requirement because she supposedly sustained the violation of a substantive right, which in turn purportedly supplies standing under *Spokeo*.  (*See* Doc. 25 at 7-12.)  In fact, Plaintiff's entire "substantive rights" argument derives from Justice Thomas's *concurring opinion* – an opinion that garnered no support from the other seven Justices.  Thus, while Justice Thomas opined that a plaintiff "seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right," *Spokeo*, 136 S. Ct. 1553 (Thomas, J., concurring), that holding is nowhere to be found in the only *Spokeo* opinion that matters – the majority opinion.

Plaintiff cites cases such as *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), and *Tennessee Elec. Power Co. v. TVA*, 306 U.S. 118 (1939), to support her argument simply because they happened to be cited in Justice Thomas's

---

*See Smith v. Ohio State Univ.*, 2016 WL 3182675, *4 (S.D. Ohio June 8, 2016) (granting dismissal despite plaintiffs' allegation that "they suffered harm when their 'privacy was invaded and they were misled as to their rights under the FCRA,'" where court held that plaintiffs "did not suffer a concrete consequential damage as a result of OSU's alleged breach of the FCRA").  Likewise, Plaintiff cannot overcome these pleading deficiencies simply by pleading a willful violation.  To hold otherwise would render Article III's standing requirement useless because any plaintiff could satisfy them simply by making the bald

concurrence.  (*See* Doc. 25 at 7-10.)  Plaintiff fails to point out that neither case is cited in the controlling *Spokeo* majority opinion, no doubt because they are entirely off-point to the specific issues in that case (and this one).  Accordingly, Plaintiff's citations to those cases and a similarly off-point Eleventh Circuit case, *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), and her critique that the "R&R does not address *Havens Realty* or *Marod Supermarkets*" (Doc. 25 at 11), are entirely unfair.[3]  Plaintiff is attempting to persuade this Court to adopt the concurring opinion of a single Justice and reject *Spokeo*'s controlling opinion simply because the controlling opinion mandates dismissal of her claims.  Plaintiff's effort to fault the Magistrate for not relying on a single-Justice opinion from *Spokeo* is entirely misplaced and should be rejected.

## II. JUDGE SALINAS CORRECTLY APPLIED *SPOKEO* TO HOLD THAT PLAINTIFF LACKS STANDING AND THAT HER

---

allegation that a willful violation had occurred.  Thus, Plaintiff's untimely arguments fail on their merits.

[3] In *Havens Realty*, the Supreme Court considered a racial steering claim under the Fair Housing Act brought by "testers" who applied for housing without the actual intent to reside at the subject apartment complexes.  455 U.S. at 372.  Similarly, in *Houston*, a case under the Americans with Disabilities Act, the plaintiff was a "tester" who visited the store specifically for the purpose of challenging the alleged violation.  Neither case is remotely applicable here.  Furthermore, it is doubtful that the Eighth Circuit's pre-*Spokeo* split opinion in *Hammer v. Sam's East, Inc.*, 754 F.3d 492 (8th Cir. 2014), survives *Spokeo*.

**COMPLAINT SHOULD, THEREFORE, BE DISMISSED PURSUANT TO RULE 12(b)(1).**

Magistrate Judge Salinas explained that "a plaintiff invoking federal jurisdiction bears the burden of establishing the 'irreducible constitutional minimum' of standing by demonstrating each of the following three elements:  (1) that the plaintiff suffered an injury-in-fact, (2) that it is fairly traceable to the challenged conduct of the defendant, and (3) that it is likely to be redressed by a favorable judicial decision."  (Doc. 25 at 7 (quoting *Spokeo*, 2016 WL 2842447, *8).)  The specific issue in *Spokeo* was the "injury-in-fact" component of standing.  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  The Magistrate correctly held that Plaintiff's allegations did not satisfy those standards.

**A.    The Complaint Merely Alleges Hypothetical Future Injuries That Do Not Satisfy The "Particularity" Requirement.**

As in *Spokeo*, which addressed the "particularization and concreteness requirements" of the injury-in-fact requirement, 136 S. Ct. at 1548, Plaintiff's allegations are rife with speculative possibilities that lack any concreteness or particularity whatsoever.  Her allegations of "injury" are sheer speculation:

- "The publication of more than the last five digits of a credit card or debit card number or an expiration date on consumer receipts increases *the possibility* of identity theft or fraud."  (Doc. 1, ¶ 3 (emphasis added).)

- "Multiply this violation by thousands, hundreds of thousands, or millions of times and the Defendant has created a *potential* criminal bonanza for identity thieves."  (*Id.*, ¶ 22 (emphasis added).)

- "Defendant willfully failed to comply with FACTA thereby putting all of its customers' financial identities *at risk*."  (*Id.*, ¶ 50 (emphasis added).)

In fact, those watered-down allegations are not even tied to Plaintiff, but instead are "connected" only to an unnamed mass of "customers."

Plaintiff's Objections fare no better.  The Objections, like the Complaint, engage in the same speculation:  "A person so exposed to identity theft *may* have to pay for an expensive credit-monitoring service; if she opts not to do so, she *may* have to dedicate numerous hours of her own time to monitoring her own credit and/or enduring increased stress, anxiety and worry of the *possibility* that her identity *may* be compromised."  (Doc. 25 at 20-21 (emphasis added).)  Such weak arguments and allegations (notably absent from the Complaint, demonstrating that

none of them applies to Plaintiff) do not come close to satisfying Article III, and Plaintiff cites no case to support these speculative notions of standing.[4]

These conjectural arguments and allegations fail to satisfy *Spokeo*, which made it clear that "[f]or an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1).  Plaintiff's vague allegations do not remotely satisfy that directive, and the Magistrate properly held that Plaintiff failed to allege a "concrete and particularized" injury sufficient to satisfy Article III.  (Doc. 23 at 8.)

### B.   An Alleged "Increased Risk Of Identity Theft" Does Not Satisfy Article III.

#### 1.   Federal Courts Consistently Have Held That An "Increased Risk Of Identity Theft" Is Insufficient To Confer Standing.

At bottom, the only "injury" Plaintiff alleges in the Complaint is an unquantifiable, entirely speculative "increased risk" of identity theft.  As the Magistrate recognized in the R&R, "[a] hypothetical increased risk of future identity theft is the only 'injury' implicated by the complaint's allegations.  Under established Supreme Court precedent, 'allegations of possible future injury' are

---

[4] If anything, those arguments further demonstrate the lack of standing.  Indeed, "plaintiffs 'cannot manufacture standing' through credit monitoring." *Whalen v. Michael Stores Inc.*, __ F. Supp. 3d __, 2015 WL 9462108, *3 (E.D.N.Y. Dec. 28, 2015) (quoting *Clapper*, 133 S. Ct. at 1151).

insufficient to establish standing."  (R&R at 9, citing *Clapper*, 133 S. Ct. at 1147.)
That holding is squarely in line with the rulings of other federal courts, which
overwhelmingly have rejected the proposition that an increased risk of identity
theft is sufficient to satisfy the injury-in-fact requirement for purposes of
establishing Article III standing.

Indeed, this Court should adopt the Magistrate's R&R and join the many
other courts that have held that an increased risk of identity theft is insufficient to
establish an injury-in-fact that would confer Article III standing.  *See, e.g., In re
SuperValu, Inc.*, 2016 WL 31792, *4 (D. Minn. Jan. 7, 2016) ("[T]he vast majority
of courts have held that the risk of future identity theft or fraud is too speculative to
constitute an injury in fact for purposes of Article III standing.") (citing numerous
cases and dismissing complaint); *Whalen*, 2015 WL 9462108, *5 (dismissing claim
that "increased risk of identity theft" supplied Article III standing); *In re
Zappos.com, Inc.*, 108 F. Supp. 3d 949, 958-59 (D. Nev. 2015) ("The Court
therefore finds that the increased risk of identity theft and fraud stemming from
Zappos's security breach does not constitute an injury-in-fact sufficient to confer
standing."); *Green v. eBay, Inc.*, 2015 WL 2066531, *5 (E.D. La. May 4, 2015)
("Thus, the potential threat of identity theft or identity fraud, to the extent any
exists in this case, does not confer standing on Plaintiff to pursue this action in

federal court."); *Storm v. Paytime, Inc.*, 90 F. Supp. 3d 359 (M.D. Pa. 2015) ("Allegations of increased risk of identity theft are insufficient to allege a harm."); *Peters v. St. Joseph Serv. Corp.*, 74 F. Supp. 3d 847, 854 (S.D. Tex. 2015) ("[Plaintiff] argues that the increased risk she faces of future identity theft/fraud constitutes 'imminent' injury.  The Court cannot agree that she faces a 'certainly impending' or 'substantial' risk of identity theft/fraud as Article III requires … ."); *In re SAIC Backup Tape Data Theft Lit.*, 45 F. Supp. 3d 14, 25 (D.D.C. 2014) ("Plaintiffs begin by asserting that an increased risk of harm alone constitutes an injury sufficient to confer standing to sue. …  But, as *Clapper* makes clear, that is not true."); *Strautins v. Trustwave Holdings, Inc.*, 27 F. Supp. 3d 871, 876 (N.D. Ill. 2014) ("*Clapper* compels rejection of [plaintiff's] claim that an increased risk of identity theft is sufficient to satisfy the injury-in-fact requirement for standing."); *Galaria v. Nationwide Mut. Ins. Co.*, 998 F. Supp. 2d 646, 654 (S.D. Ohio 2014) ("In this case, an increased risk of identity theft, identity fraud, medical fraud, or phishing is not itself an injury-in-fact because Named Plaintiffs did not allege – or offer facts to make plausible – an allegation that such harm is 'certainly impending.'").

　　As the Court observed over three years ago:  "Plaintiffs have not directed the court's attention to, nor has the court found, any precedent for holding that

Plaintiffs' allegations, without further evidence of identity theft, are sufficient to establish either an actual or imminent risk of injury-in-fact for Article III standing."). *Willingham v. Global Payments, Inc.*, 2013 WL 440702, *7 (N.D. Ga. Feb. 5, 2013).[5] This case falls squarely into that ruling.

### 2. The Post-*Spokeo* Cases Further Support Dismissal.

Even though *Spokeo* was issued less than six weeks ago, numerous federal courts have applied that opinion to dismiss cases for lack of standing. These recent cases further support dismissal.

First, in *Khan v. Children's National Health System*, __ F. Supp. 3d __, 2016 WL 2946165 (D. Md. May 19, 2016), the court held that the named plaintiff in a data breach case lacked standing to sue where the alleged "injury" was the increased risk of identity theft. Surveying the many cases on this issue, the court held that "in the data breach context, plaintiffs have properly alleged an injury in fact arising from increased risk of identity theft if they put forth facts that provide either (1) actual examples of the use of the fruits of the data breach for identity theft,

---

[5] In *Willingham*, the Magistrate recommended that the Rule 12(b)(1) motion be denied as moot because she recommended that the complaint be dismissed, with prejudice, pursuant to Rule 12(b)(6). *See Willingham*, 2013 WL 440702, *21.

even if involving other victims; or (2) a clear indication that the data breach was for the purpose of using the plaintiff's personal data to engage in identity fraud." 2016 WL 2946165, *5. Applying that test, the *Khan* court held that the "allegations fall short." *Id.*; *see also Chambliss v. Carefirst, Inc.,* __ F. Supp. 3d __, 2016 WL 3055299, *4 (D. Md. May 27, 2016) (rejecting theory of standing premised on increased risk of future harm). Likewise, in this case, Plaintiff's allegations fall well outside the two scenarios the *Khan* court identified as providing standing to sue for an increased risk of identity theft.

Just two weeks ago, the court in *Smith v. Ohio State Univ.*, 2016 WL 3182675 (S.D. Ohio June 8, 2016), dismissed a proposed class action brought, as is this case, under the FCRA. In *Smith*, the plaintiffs alleged that the university provided a disclosure and authorization to plaintiffs that improperly included extraneous information such as a liability release, in violation of the FCRA. *Id.*, *1. The plaintiffs alleged that "they suffered harm when their privacy was invaded and they were misled as to their rights under the FCRA," but the court held that such allegations failed to plead "a concrete and particularized injury-in-fact" and held that there was "no Article III standing in this court" as a result. *Id.*, *4 (internal quotations omitted).

18

Just last week, a court dismissed, for lack of standing, a privacy-based class action in *Gubala v. Time Warner Cable, Inc.*, 2016 WL 3390415 (E.D. Wis. June 17, 2016).   That case involved alleged violations of the federal Cable Communications Policy Act ("CCPA"), in which the defendant allegedly violated the CCPA's requirement that cable operators destroy personally identifiable information if the information "is no longer necessary for the purpose for which it was collected," and where the defendant allegedly continued to retain the personal information.  *Id.*, *1.  Holding that those "allegations are almost identical to the allegations the plaintiff made in *Spokeo*," the court dismissed the case for lack of standing, holding that "there are no allegations" in the complaint "showing that the plaintiff has suffered a *concrete* injury as a result of the defendant's retaining his personally identifiable information."  *Id.*, *4.  Indeed, the court observed that "one might argue that the *Spokeo* plaintiff was a bit closer to alleging a concrete injury, because the defendant wasn't just keeping his information; it was published, to anyone who viewed the website, inaccurate information."  *Id.*  As in *Gubala*, in this case there has been no publication to any third party of the allegedly non-compliant receipt; there simply cannot be a "concrete" injury under these facts.

In short, the post-*Spokeo* cases further support dismissal of Plaintiff's Complaint.  The Court should overrule Plaintiff's Objections.[6]

## III. ALTERNATIVELY, THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS UNDER RULE 12(b)(6).

As referenced above, this Court has the power to modify the R&R.  While Magistrate Judge Salinas did not need to address WHBM's alternative basis for dismissal under Rule 12(b)(6) given her recommendation of dismissal pursuant to Rule 12(b)(1), this Court should grant dismissal under 12(b)(6) should it decide not to accept the Magistrate's recommendation for dismissal under Rule 12(b)(1).

In a prior case brought by Plaintiff's counsel, *Katz v. Donna Karan Int'l Inc.*, 2015 WL 405506 (S.D.N.Y. Jan. 30, 2015), the defendant allegedly violated FACTA by issuing a receipt to the plaintiff displaying the first six digits and final four digits of his credit card number.  As does the Complaint in this case, the *Katz*

---

[6] The common thread running through the cases rejecting Article III standing where the plaintiff alleged, as does Plaintiff here, merely the threat of future identity theft is that the purported "injury" could only materialize based on the random acts of third parties.  In other words, "[i]n addition to the speculation of *whether* future harm from a data security breach will materialize, it cannot be known *when* such harm will occur."  *SuperValu*, 2016 WL 81792, *5 (emphasis original).  As the Eleventh Circuit has held:  "Where future injury depends on either the random or unauthorized acts of a third party, the plaintiff's claim is speculative to satisfy standing requirements."  *Smith v. Secretary, Dept. of Corrections,* 602 Fed. Appx. 466, 469 (11th Cir. 2015) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1266 (11th Cir. 2003)).  That is exactly the issue here.

complaint, rather than make direct allegations concerning the defendant, retreated to general allegations of FACTA's requirements going back several years, reinforced only by skeletal allegations specific to the named plaintiff. Accordingly, the *Katz* court observed:

> Plaintiff's complaint alleges facts that permit the Court to plausibly infer two things: (1) that Defendants' [sic] violated FACTA, Am. Compl. ¶¶ 27-35 (describing the unlawful listing of plaintiff's credit card information on his receipt and alleging similar unlawful listings on a class-wide basis); and (2) that Defendants were likely aware of FACTA's requirements, *id.* at ¶¶ 41-55 (describing the FACTA notifications issued to Defendant by credit card companies, governmental agencies, and trade groups).

2015 WL 405506, *1.

Granting the defendants' motion to dismiss, the court held that "Plaintiff's complaint is devoid of any well-pleaded facts which allow the plausible inference that Defendants willfully, knowingly, or recklessly violated FACTA." *Id.*, *2. The court acknowledged that "there are sufficient factual allegations to infer Defendants knew of FACTA applicability," but added that "there are no factual allegations supporting a plausible inference that Defendants knew their conduct violated the truncation requirement, or that Defendants consciously chose to violate FACTA." *Id.*; *see also Crupar-Weinmann v. Paris Baguette Am., Inc.*,

2014 WL 2990110, *4 (S.D.N.Y. June 29, 2014) ("allegations that plausibly suggest that defendant knew about FACTA's requirements[] do not support a plausible inference that defendant knew that it was violating FACTA").

The court concluded that "[a]t most, Plaintiff's well-pleaded facts permit the Court to infer that Defendant negligently violated FACTA." *Id.* But that was not enough in *Katz*, nor is it enough here.[7] The allegations do not rise to the requisite level of willfulness or recklessness required by *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007). As a result, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6).

---

[7] In her opposition to WHBM's motion to dismiss, Plaintiff raised several other arguments in an effort to show a willful violation such as knowledge from credit card companies about FACTA requirements; compliance by other businesses with FACTA; and, knowledge of FACTA's requirements by trade associations. (Doc. 17 at 15.) These theories have all been rejected by other courts and should be rejected here. *See Crupar-Weinmann*, 2014 WL 2990110, *4 (dismissing complaint and finding that generic allegations of knowledge based on PCI Security Standard and similar provisions insufficient to establish willfulness); *Gardner v. Appleton Baseball Club, Inc.*, 2010 WL 1368663, *3 (E.D. Wis. Mar. 31, 2010) (rejecting "peers and competitors" theory to prove willfulness); *Seo v. CC CJV American Holdings, Inc.*, 2011 WL 4946507, *2 (C.D. Cal. Oct. 18, 2011) (rejecting claim that trade association's knowledge and broadcasting of FACTA requirements was sufficient to support willfulness claim).

## **CONCLUSION**

The Court should overrule Plaintiff's Objections, adopt in full the R&R, and

grant WHBM's motion to dismiss pursuant to Rule 12(b)(1) or, in the alternative,

enter dismissal pursuant to Rule 12(b)(6).

Dated: June 23, 2016.

Respectfully submitted,

KING & SPALDING LLP

/s/
Barry Goheen (Ga. Bar No. 299203)
J. Anthony Love (Ga. Bar. No. 459155)
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  bgoheen@kslaw.com
Email:  tlove@kslaw.com

*Attorneys for Defendant White House Black
Market, Inc.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that 14-point Times New Roman was used for this document and that it has been formatted in compliance with Local Rule 5.1.

DATED:  June 23, 2016.

/s/_____
Barry Goheen

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the

foregoing **Defendant White House Black Market, Inc.'s Response in**

**Opposition to the Final Report and Recommendation Recommending**

**Granting White House Black Market's Motion to Dismiss** with the Clerk of the

Court using the CM/ECF system, which will send notification of such filing to the

following counsel of record:

Shimshon Wexler                          Bryant T. Lamer
Attorney at Law                          Spencer Fane Britt & Brown - MO
1411 Dalewood Drive NE                   STE 1400
Atlanta, GA  30329                       Kansas City, MO 64106
swexleresq@gmail.com                     blamar@spencerfane.com

*Attorneys for Plaintiff*

DATED:  June 23, 2016.

/s/_____
Barry Goheen