UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JILL ALTMAN, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| WHITE HOUSE BLACK MARKET, INC., and DOES 1-10, | ) ) ) |
| Defendants. | ) |

Civil Action No.:
1:15-cv-02451-SCJ-CMS

### ANSWER AND DEFENSES OF DEFENDANT WHITE HOUSE BLACK MARKET, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, White House Black Market, Inc. ("WHBM"), files its Answer and Defenses to Plaintiff's Class Action Complaint ("Complaint") as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, WHBM denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, WHBM responds as follows:

1. WHBM admits that Plaintiff purports to bring this lawsuit as a class

action for the purposes of obtaining relief under the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), but denies that it violated FACTA or the FCRA and denies that this case is appropriate for class treatment.

2. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies those allegations.

3. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and, therefore, denies those allegations.

4. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and, therefore, denies those allegations.

5. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, therefore, denies those allegations.

6. WHBM admits that Congress passed FACTA. WHBM further states that the provisions of FACTA speak for themselves.

7. WHBM states that "[t]he operative provision of FACTA"

purportedly quoted in paragraph 7 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the language of the quoted provision, the allegations are denied.

8. WHBM states that FACTA and the cases cited in paragraph 8 speak for themselves, and to the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provisions of the statute and/or the cited cases, the allegations are denied.

9. WHBM states that FACTA speaks for itself, and to the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provisions of the statute, the allegations are denied.

10. WHBM states that FACTA speaks for itself, and to the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provisions of the statute, the allegations are denied.

11. WHBM states that FACTA speaks for itself, and to the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provisions of the statute, the allegations are denied.

12. WHBM denies that allegations in paragraph 12.

13. WHBM denies the allegations in paragraph 13.

14. WHBM is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 14 and, therefore, denies those allegations.

15. WHBM admits the allegations in paragraph 15.

16. WHBM admits the allegations in paragraph 16.

17. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, therefore, denies those allegations.

18. WHBM admits the allegations in paragraph 18.

19. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, therefore, denies those allegations.

20. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and, therefore, denies those allegations.

21. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, therefore, denies those allegations.

22. WHBM denies the allegations in paragraph 22.

23. WHBM admits the allegations in paragraph 23.

24. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, therefore, denies those allegations.

25. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and, therefore, denies those allegations.

26. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and, therefore, denies those allegations.

27. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and, therefore, denies those allegations.

28. WHBM states that the terms of the August 12, 2006 edition of "Rules for Visa Merchants" referenced in paragraph 28 speaks for itself, and to the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provisions of the document, the allegations are denied.

29. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and, therefore, denies those allegations.

30.    WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and, therefore, denies those allegations.

31.    WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and, therefore, denies those allegations.

32.    WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and, therefore, denies those allegations.

33.    WHBM admits the allegations in paragraph 33.

34.    WHBM admits that it has been a member of the National Retail Federation at times.  WHBM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and, therefore, denies those allegations.

35.    WHBM admits that it and its employees have been a member of the National Retail Federation at times.  WHBM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and, therefore, denies those allegations.

36.    WHBM is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 36 and, therefore, denies those allegations.

37. WHBM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and, therefore, denies those allegations.

38. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, therefore, denies those allegations.

39. WHBM admits that it was aware of its FACTA requirements. WHBM denies the remaining allegations in paragraph 39.

40. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and, therefore, denies those allegations.

41. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and, therefore, denies those allegations.

42. WHBM denies the allegations in paragraph 42.

43. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and, therefore, denies those

allegations.

44.     WHBM denies the allegations in paragraph 44.

45.     WHBM denies the allegations in paragraph 45.

46.     WHBM denies the allegations in paragraph 46.

47.     WHBM states that the terms of the FCRA referenced in paragraph 47 speak for themselves, and to the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provisions of the statute, the allegations are denied.

48.     WHBM denies the allegations in paragraph 48.

49.     WHBM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and, therefore, denies those allegations.

50.     WHBM denies the allegations in paragraph 50.

51.     WHBM admits that Plaintiff purports to bring this action pursuant to Federal Rule of Civil Procedure 23(a) and b(3), but denies that this case is appropriate for class certification.

52.     WHBM admits that the proposed class is defined in paragraph 52, but denies that this case is appropriate for class certification.

53.     WHBM denies the allegations in paragraph 53.

<. 

54. WHBM denies the allegations in paragraph 54.

55. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and, therefore, denies those allegations.

56. WHBM denies the allegations in paragraph 56, including all subparts.

57. WHBM denies the allegations in paragraph 57.

58. WHBM denies the allegations in paragraph 58.

59. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and, therefore, denies those allegations.

60. WHBM denies the allegations in paragraph 60.

61. WHBM admits Plaintiff has demanded a trial by jury and likewise demands a jury trial in this case.

62. WHBM denies that the Plaintiff is entitled to any relief claimed in her Complaint.

63. Any allegations in Plaintiff's Complaint not heretofore specifically responded to by WHBM are hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with

54. WHBM denies the allegations in paragraph 54.

55. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and, therefore, denies those allegations.

56. WHBM denies the allegations in paragraph 56, including all subparts.

57. WHBM denies the allegations in paragraph 57.

58. WHBM denies the allegations in paragraph 58.

59. WHBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and, therefore, denies those allegations.

60. WHBM denies the allegations in paragraph 60.

61. WHBM admits Plaintiff has demanded a trial by jury and likewise demands a jury trial in this case.

62. WHBM denies that the Plaintiff is entitled to any relief claimed in her Complaint.

63. Any allegations in Plaintiff's Complaint not heretofore specifically responded to by WHBM are hereby denied.

## **DEFENSES**

Without assuming the burden of proof where it otherwise rests with

Plaintiff, WHBM pleads the following defenses to the Complaint:

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against WHBM upon which relief can be granted.

### SECOND DEFENSE

Plaintiff lacks standing to bring her claims.

### THIRD DEFENSE

Plaintiff has neither alleged nor suffered any injury in fact.

### FOURTH DEFENSE

WHBM followed reasonable procedures to comply with FACTA.

### FIFTH DEFENSE

Plaintiff has failed to mitigate her damages.

### SIXTH DEFENSE

Plaintiff's claims do not meet the requirements, in whole or in part, of Fed. R. Civ. P. 23 and thus cannot be maintained as a class action.

### SEVENTH DEFENSE

Plaintiff's claims for punitive damages are barred or limited by the provisions of 15 U.S.C. § 1681n.

**EIGHTH DEFENSE**

Plaintiff's Complaint seeks the imposition of punitive damages.  WHBM adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  <u>BMW v. Gore</u>, 517 U.S. 559 (1996); <u>Cooper Indus., Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 923 (2001); <u>State Farm v. Campbell</u>, 538 U.S. 408 (2003); <u>Philip Morris USA v. Williams</u>, 549 U.S. 746 (2007);  <u>Exxon Shipping Co. v. Baker</u>, 554 U.S. 471 (2008).

**NINTH DEFENSE**

Plaintiff's claims for willful violations of the FCRA are barred by the principles articulated in <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47 (2007).

**TENTH DEFENSE**

WHBM denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

**ELEVENTH DEFENSE**

Plaintiff's damages, if any, were not caused by WHBM, but by another person or entity for whom or for which WHBM is not responsible.

## **TWELFTH DEFENSE**

WHBM reserves the right to assert additional defenses that it learns through the course of discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, WHBM prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) WHBM be dismissed as a party to this action;

(3) WHBM recover from Plaintiff its expenses of litigation, including attorney's fees; and

(4) WHBM recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 1st day of August, 2016.

        Respectfully submitted,

        KING & SPALDING LLP

        /s/ *Barry Goheen*
        Barry Goheen (Ga. Bar No. 299203)
        J. Anthony Love (Ga. Bar. No. 459155)
        1180 Peachtree Street N.E.
        Atlanta, Georgia  30309-3521
        Tel:  (404) 572-4600
        Fax:  (404) 572-5100

Email:  bgoheen@kslaw.com
Email:  tlove@kslaw.com

*Attorneys for Defendant White House Black Market, Inc.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that 14-point Times New Roman was used for this document and that it has been formatted in compliance with Local Rule 5.1.

DATED:  August 1, 2016.

/s/ *J. Anthony Love*
J. Anthony Love

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing **Defendant White House Black Market, Inc.'s Answer and Defenses to Plaintiff's Class Action Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Shimshon Wexler
Attorney at Law
1411 Dalewood Drive NE
Atlanta, GA  30329
swexleresq@gmail.com

Bryant T. Lamar
Spencer Fane Britt & Brown - MO
STE 1400
Kansas City, MO 64106
blamar@spencerfane.com

*Attorneys for Plaintiff*

DATED: August 1, 2016.

/s/ *J. Anthony Love*
Barry Goheen (Ga. Bar No. 299203)
J. Anthony Love (Ga. Bar. No. 459155)
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5100

Email: bgoheen@kslaw.com
Email: tlove@kslaw.com

*Attorneys for Defendant White House Black Market, Inc.*