IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JILL ALTMAN, individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>WHITE HOUSE BLACK MARKET, INC. and DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:15-cv-2451-SCJ |

## ORDER

This matter appears before the Court on Defendant White House Black Market's Motion to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). Doc. No. [30]. Specifically, Defendant asks the Court to certify the following question to the Eleventh Circuit Court of Appeals for interlocutory review under § 1292(b):

> Whether a plaintiff who alleges a bare violation of a statutory "right" to receive particular information, and who alleges only a risk of future identity theft as the purported "injury," has suffered a sufficiently concrete injury to satisfy Article III of the Constitution.

Doc. No. [30-1], p. 9. In further briefing, Defendant phrased the inquiry as follows: "immediate review is necessary so that the Court of Appeals can decide

whether a bare allegation of "risk of identity theft" constitutes a concrete injury-in-fact." Doc. No. [34], p. 6.

28 U.S.C. § 1292(b) provides that a district court may certify an order for interlocutory appeal if the following three elements are met: (1) the subject order "involves a controlling question of law;" (2) there must be a "substantial ground for difference of opinion" regarding the controlling question of law; and (3) an immediate appeal from the subject order "may materially advance the ultimate termination of the litigation." However, "[t]he proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). Therefore, an interlocutory appeal under 28 U.S.C. § 1292(b) is reserved for "exceptional" cases. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 74 (1996).

In their briefs and supplemental notices of authority, the parties have set forth a number of cases in support of their positions. The Court has reviewed each one of these cases,[1] as well as the above-stated elements and applicable

---

[1] Most importantly, the Court has reviewed the Eleventh Circuit's new *published* post-Spokeo opinion in which the Eleventh Circuit stated that "[a] plaintiff must suffer some harm

authority.  After such review, the Court finds that this case is not one of those exceptional cases worthy of certification for interlocutory appeal.  Accordingly, the Court hereby **DENIES** Defendant White House Black Market's Motion to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).  Doc. No. [30].  The Plaintiff's Motion for Leave to File Notice of Supplemental Authority (Doc. No. [33]) is hereby **DEEMED MOOT** as the Court was able to find post-Spokeo authority in its own independent research.

**IT IS SO ORDERED**, this 12th day of October, 2016.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

or **risk of harm** from the statutory violation to invoke the jurisdiction of a federal court." Nicklaw v. Citimortgage, Inc., No. 15-14216, 2016 WL 5845682, at *3 (11th Cir. Oct. 6, 2016) (emphasis added). The Nicklaw opinion was issued after the conclusion of the parties' briefing of the 1292(b) motion and provides a contradiction to Defendant's statement that "there is no basis to conclude that a mere risk of identity theft can translate a bare statutory violation into a 'concrete' injury for Article III standing purposes."  Doc. No. [34], p. 10.

AO 72A
(Rev.8/82)