# EXHIBIT G

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JILL ALTMAN, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:15-cv-02451-SCJ-CMS |
| vs. | ) ) | |
| WHITE HOUSE BLACK MARKET, INC., and DOES 1-10, | ) ) ) | |
| Defendants. | ) | |

## DEFENDANT WHITE HOUSE BLACK MARKET, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, White House Black Market, Inc. ("WHBM"), serves upon Plaintiff, Jill Altman ("Plaintiff"), the following objections and responses to Plaintiff's First Interrogatories to Defendant ("Interrogatories").

## GENERAL OBJECTIONS

A.    The information supplied in these responses is not based solely on the knowledge of the executing party, but includes the knowledge of the party's agents and attorneys, unless privileged.

B.    The word usage and sentence structure is that of the attorneys and

does not purport to be the exact language of the executing parties.

C.     WHBM objects to Plaintiff's Interrogatories, including the Instructions and Definitions therein, to the extent they purport to create duties that are not imposed by the Federal Rules of Civil Procedure or by the Local Rules of this Court.

D.     WHBM has not concluded its investigation of facts relating to this case or completed formal discovery or preparation for trial.  For that reason, there may exist information responsive to the Interrogatories of which WHBM does not yet have knowledge or has not yet located, identified, or reviewed.  All of the following responses are, therefore, based only on such information and documents that are presently known or available to WHBM.

E.     WHBM reserves the right to produce evidence of any subsequently discovered fact or facts, to alter or amend its objections and responses set forth herein, and otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.  WHBM objects to each and every one of the Interrogatories insofar as they may be construed as limiting or restricting its right to rely upon any information or document for any purpose whatsoever, including, but not limited to, the use of information or responsive documents as evidence at any subsequent hearing, trial or other

proceeding.

F.    Nothing contained herein shall be construed as an admission by WHBM relative to the existence or nonexistence of any information or documents, and no response shall be construed as an admission respecting the relevance or admissibility or any information or document or the truth or accuracy of any statement or characterization contained in any Interrogatory.

G.    WHBM objects to each and every one of the Interrogatories to the extent they seek the production of information that is subject to the attorney-client privilege, work product doctrine, or other privileges, or that are trial preparation materials within the meaning of Rule 26 of the Federal Rules of Civil Procedure, on the grounds that privileged matter is exempt from discovery and trial preparation materials may only be discovered on fulfillment of the requirements set forth in the Federal Rules of Civil Procedure, which requirements have not been met.

H.    WHBM will make reasonable efforts to respond to each of the Interrogatories, to the extent that no objection is made, as WHBM understands and interprets the Interrogatory.  If Plaintiff subsequently asserts any interpretation of any Interrogatory that differs from WHBM's interpretation, WHBM reserves the right to supplement its objections and responses.

I.     WHBM objects to the Interrogatories on the grounds that they seek information that is outside of the statute of limitations and thus are over broad, unduly burdensome, and neither relevant to the case nor reasonably calculated to lead to the discovery or admissible evidence.  A two-year statute of limitations applies to Plaintiff's claims in this case.  Consequently, for purposes of responding to the Interrogatories, WHBM will consider the relevant time period to be July 8, 2013, through July 8, 2015, the date that Plaintiff filed the Complaint.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving the foregoing General Objections, which are incorporated into each response below as if fully set forth therein, WHBM specifically objects and responds to the Interrogatories as follows:

## INTERROGATORY NO. 1:

Identify each person that provides information or documents used to answer any [sic] Plaintiff's interrogatories, document requests or requests for admission, and identify which information or documents the person provided.

## RESPONSE TO INTERROGATORY NO. 1:

WHBM objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege.  Subject to and without waiving its General and Specific Objections, and excluding WHBM's counsel, WHBM identifies the following individuals, each of whom may be contacted through

WHBM's counsel:

| Name | Title | Information/Documents |
|------|-------|----------------------|
| Nancy Holland | Senior Manager of Applications | WHBM's former Epicor point-of-sale system; its current Fujitsu point-of-sale system (CHARM); the functionality of these systems. |
| Sergio da Rocha | Analyst for Business Systems | WHBM's former Epicor point-of-sale system; its current Fujitsu point-of-sale system (CHARM); the functionality of these systems. |
| Jeffery Clements | Manager of Operations | WHBM's point-of-sale hardware. |
| Melody Jubert | Senior Director of Central Store Operations | WHBM's store operations, policies and procedures, training, roll-out process for Fujitsu point-of-sale system (CHARM). |
| Matthew King | Manager of Cash Management | WHBM's acceptance of credit and debit cards, the payment processor used. |

**INTERROGATORY NO. 2:**

Identify all individuals and transactions for which a point-of-sale customer transaction receipt containing more than five (5) digits of a customer's primary

account number of a debit or credit card was printed at a White House Black Market location in Georgia after May 16, 2010, for each such individual and transaction state the date, time, and White House Black Market location at which the transaction occurred, the transaction authorization code, the type of card used in the transaction (Visa, Mastercard, American Express, Discover, etc.), the PAN of the card used in the transaction (i.e., the card number), and state the total number of such people.

## RESPONSE TO INTERROGATORY NO. 2:

WHBM objects to this Interrogatory on the basis that it is vague because the

terms "customer" and "primary account number" are not defined. Subject to and

without waiving its General and Specific Objections, WHBM directs Plaintiff to

data produced in response to Plaintiff's Request for Production of Documents No.

3, which includes retail purchaser information, to the extent WHBM is able to

identify such information, including the date and time of each transaction. WHBM

designates this data as Confidential under the protective order entered in this case.

## INTERROGATORY NO. 3:

Identify all individuals and transactions for which a point-of-sale customer transaction receipt containing more than five (5) digits of a customer's primary account number of a debit or credit card was printed at a White House Black Market location in the U.S. after May 16, 2010, for each such individual and transaction state the date, time, and White House Black Market location at which the transaction occurred, the transaction authorization code, the type of card used in the transaction (Visa, Mastercard, American Express, Discover, etc.), the PAN of the card used in the transaction (i.e., the card number), and state the total number of such people.

**RESPONSE TO INTERROGATORY NO. 3:**

WHBM objects to this Interrogatory on the basis that it is vague because the terms "customer" and "primary account number" are not defined. Subject to and without waiving its General and Specific Objections, WHBM directs Plaintiff to data produced in response to Plaintiff's Request for Production of Documents No. 3, which includes information of individuals who have made purchases from WHBM retail locations, to the extent WHBM is able to identify such information, including the date and time of each transaction. WHBM designates this data as Confidential under the protective order entered in this case.

**INTERROGATORY NO. 4:**

State the name, identification number and address of each White House Black Market location that, at any time between May 16, 2010 and the present, used software or equipment that printed point-of-sale customer transaction receipts containing more than five (5) digits of a customer's primary account number of a debit or credit card, and for each state: (a) the date range in which the software or equipment printed such receipts, (b) the number of debit and credit card transactions using that software or equipment that were processed at that location during that date range, and (c) the software and equipment used to print such receipts during that date range.

**RESPONSE TO INTERROGATORY NO. 4:**

WHBM objects to this Interrogatory on the ground that it seeks information that is outside of the statute of limitations and is, therefore, overly broad, unduly burdensome, and neither relevant to the case nor reasonably calculated to lead to

the discovery of admissible evidence. WHBM further objects to this Interrogatory on the basis that it is vague because the terms "customer" and "primary account number" are not defined. Subject to and without waiving its General and Specific Objections, WHBM states that ████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████ ████████████████████████ ████████████████ ███████████████████████



WHBM designates its response to this Interrogatory as Confidential under the protective order entered in this case.

## INTERROGATORY NO. 5:

Explain in detail why, between May 16, 2010 and the present, more than five (5) digits of a customer's primary account number of a debit or credit card were printed on point-of-sale customer transaction receipts at White House Black Market locations, and identify all documents that support your explanation.

**RESPONSE TO INTERROGATORY NO. 5:**

WHBM objects to this Interrogatory on the ground that it seeks information that is outside of the statute of limitations and is, therefore, overly broad, unduly burdensome, and neither relevant to the case nor reasonably calculated to lead to the discovery of admissible evidence.  WHBM further objects to this Interrogatory on the basis that it is vague because the terms "customer" and "primary account number" are not defined.  Subject to and without waiving its General and Specific Objections, WHBM states that ██████████████████████████

██████████████████████████████  ████████████████

████████████████████████████████████████

████████████████████████████

   ██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████

 WHBM

designates this response as Confidential under the protective order entered in this case.

**<u>INTERROGATORY NO. 6</u>:**

      Identify all third parties and White House Black Market employees involved in determining the content of the point-of-sale receipts that were printed for debit and credit card customers at White House Black Market locations at any time after May 16, 2010, and for each third party or employee state the date range of their involvement and what their involvement entailed.

**RESPONSE TO INTERROGATORY NO. 6:**

WHBM objects to this Interrogatory on the ground that it seeks information that is outside of the statute of limitations and is, therefore, overly broad, unduly burdensome, and neither relevant to the case nor reasonably calculated to lead to the discovery or admissible evidence. WHBM further objects to this Interrogatory on the ground that it requires WHBM to provide more than the last known address of its former employees, and a request for telephone numbers and email addresses is unnecessarily intrusive. WHBM additionally objects to this Interrogatory as vague and ambiguous because the undefined term "third parties" is capable of multiple meanings. WHBM further objects to this Interrogatory on the basis that seeking persons dealing with the "content" of receipts is overbroad and unduly burdensome. WHBM also objects to this Interrogatory on the basis that it is vague because the term "customer" is not defined. Subject to and without waiving its General and Specific Objections, WHBM states that the following persons were involved in determining of the content of point-of-sale receipts during 2013 and 2014:

| Name | Title | Last known address |
|---|---|---|
| Nancy Holland | Senior Manager, Applications | May be contacted through undersigned counsel. |
| Sergio da Rocha | Analyst, Business Systems | May be contacted through undersigned counsel. |
| Melody Jubert | Senior Director, Central Store Operations | May be contacted through undersigned counsel. |
| Matthew King | Manager, Cash Management | May be contacted through undersigned counsel. |
| Jason Mahler | Senior Manager, Sales and Use Tax | May be contacted through undersigned counsel. |
| David Maurer | Senior Engineer | May be contacted through undersigned counsel. |
| Kristi Allison | Vice President, Corporate Store Ops./Customer Support | May be contacted through undersigned counsel. |
| Barbara A. Brandon | Director of Applications Development | May be contacted through undersigned counsel. |
| Robert W. Gras | Vice President of Technology – Stores & Apps. | May be contacted through undersigned counsel. |
| Timothy P. Wiegman | Director of Finance & Sales Audit | May be contacted through undersigned counsel. |

## INTERROGATORY NO. 7:

Identify all third parties and White House Black Market employees involved in purchasing/leasing, setting up, calibrating, programming or servicing the software and equipment that was used to print point-of-sale debit and credit card receipts for customers at White House Black Market locations since May 16, 2010, and for each state the date-range of their involvement and what their involvement entailed.

## RESPONSE TO INTERROGATORY NO. 7:

WHBM objects to this Interrogatory on the ground that it seeks information that is outside of the statute of limitations and is, therefore, over broad, unduly burdensome, and neither relevant to the case nor reasonably calculated to lead to the discovery of admissible evidence. WHBM further objects to providing more than the last known address of its former employees on the basis that a request for their telephone numbers and email addresses is unnecessarily intrusive. WHBM additionally objects to this Interrogatory as vague and ambiguous because the undefined term "third parties" is capable of multiple meanings. WHBM further objects to this Interrogatory on the basis that requesting the identities of all persons "involved" in all of the activities listed is overly broad and unduly burdensome. WHBM also objects to this Interrogatory on the basis that it is vague because the term "customer" is not defined. Subject to and without waiving its General and Specific Objections, WHBM states that the following persons were involved in

purchasing/leasing, setting up, calibrating, programing or servicing software and equipment used to print POS transaction receipts:

| Name | Title | Last Known Address |
|---|---|---|
| Jeffery Clements | Manager of Operations (WHBM's point-of-sale hardware) | May be contacted through undersigned counsel. |
| Barbara A. Brandon | Director of Applications Development (responsible for budgeting) | May be contacted through undersigned counsel. |
| Ronald K. Smith | Senior Engineer (install package engineer) | May be contacted through undersigned counsel. |
| Robert W. Gras | Vice President of Technology – Stores & Applications (provided general oversight) | May be contacted through undersigned counsel. |
| Fred L. Hahn | Analyst for Applications (responsible for pricing, promotions, and e-receipts) | May be contacted through undersigned counsel. |
| Simon Hatfield | Director of Operations (responsible for hardware purchase and software install) | May be contacted through undersigned counsel. |
| Jay Efting | Employee of Fujitsu America, Inc. | 1250 East Arques Avenue, Sunnyvale, CA 94805 |
| Dan Butler | Employee of Fujitsu America, Inc. | 1250 East Arques Avenue, Sunnyvale, CA 94805 |

| Name | Title | Last Known Address |
|---|---|---|
| James Nolker | Associate at Hewlett-Packard (assisted with setup and device configuration) | 8000 Foothills Blvd, MS 5509 Roseville, CA 95747 |
| John Cook | Associate at Hewlett-Packard (assisted with setup and device configuration) | 8000 Foothills Blvd, MS 5509 Roseville, CA 95747 |
| John Barry | Associate at Hewlett-Packard (assisted with setup and device configuration) | 8000 Foothills Blvd, MS 5509 Roseville, CA 95747 |
| Kelly Crenshaw | Associate at Hewlett-Packard (assisted with setup and device configuration) | 8000 Foothills Blvd, MS 5509 Roseville, CA 95747 |
| Jesse Parker | Associate at Hewlett-Packard (assisted with setup and device configuration) | 8000 Foothills Blvd, MS 5509 Roseville, CA 95747 |
| Zach Unruh | Associate at Hewlett-Packard (assisted with setup and device configuration) | 8000 Foothills Blvd, MS 5509 Roseville, CA 95747 |

**INTERROGATORY NO. 8:**

State the name, address, telephone number and contact person of each payment processing company White House Black Market used to process credit card transactions, plus the name, address, telephone number and contact person of each credit card company whose cards White House Black Market accepted that processed its own transactions, at any time during the period of May 16, 2010 to the present.

**RESPONSE TO INTERROGATORY NO. 8:**

WHBM objects to this Interrogatory on the ground that it seeks information that is outside of the statute of limitations and is, therefore, overly broad, unduly burdensome, and neither relevant to the case nor reasonably calculated to lead to the discovery or admissible evidence.  Subject to and without waiving its General and Specific Objections, WHBM provides the following information:

| Credit Card Association or Payment Processor | Contact Information |
|---|---|
| Vantiv | Mollie Lindquist (513) 900-3709 |
| Discover | Amy Schneider (224) 405-5820 |
| American Express | Eva De La Rosa 200 Vesey Street New York, NY 10285 (213) 281-0977 |
| Master Card | No direct contact information available. |
| Visa | No direct contact information available. |

**INTERROGATORY NO. 9:**

Identify the credit or debit cards you have accepted for the transaction of business, and for each credit or debit card, identify the date you began accepting it.

## RESPONSE TO INTERROGATORY NO. 9:

Subject to and without waiving its General Objections, WHBM states that it accepted the following credit cards during the relevant time period: Banco Popular (Puerto Rico stores only); Diner's International, JCB; Discover; American Express; MasterCard; Visa. All of these cards have been accepted by WHBM at its retail stores as indicated since at least July 8, 2013.

## INTERROGATORY NO. 10:

State what information regarding credit and/or debit card customers you maintain, including whether that information includes names and addresses, whether that information identifies an affiliation between the credit and debit card customer and a business, whether that information identifies an affiliation between the credit and debit card customer and a governmental (local, state or federal) entity, the period for which such information is maintained, and whether the information is searchable or retrievable.

## RESPONSE TO INTERROGATORY NO. 10:

WHBM objects to this Interrogatory on the basis that it is vague because the term "customer" is not defined. WHBM additionally objects to this Interrogatory on the basis that the undefined terms "affiliation between the credit and debit card customer and a business" and "affiliation between the credit and debit card customer and a government (local, state or federal) entity" are vague and ambiguous. Subject to and without waiving its General and Specific Objections, WHBM states that it maintains some information providing these transactions and

that it has produced the information available to it for the relevant time period in response to Plaintiff's Request for Production of Documents.

## INTERROGATORY NO. 11:

For each person identified in your Rule 26(a)(1) disclosures, state in detail the facts or information pertaining to this lawsuit that you believe the person has or knows, and identify all documents that relate to the same.

## RESPONSE TO INTERROGATORY NO. 11:

Subject to and without waiving its General Objections, WHBM states that the following were identified in WHBM's Rule 26(a)(1) disclosures:

| Name | Facts or Information Known | Contact Information |
|------|---------------------------|---------------------|
| Jill Altman | Plaintiff is likely to have knowledge of the allegations contained in her Complaint, the events and circumstances giving rise to this lawsuit, her claims, any alleged damages she suffered, and any communications with WHBM. | May be contacted through counsel for Plaintiff. |
| Robert Gras | Mr. Gras has knowledge of the technical aspects of the register systems used by WHBM, including the system that issued the receipt allegedly provided to Plaintiff. | May be contacted through WHBM's counsel. |
| Nancy Holland | Ms. Holland has knowledge of the technical aspects of the register systems used by WHBM, including the system that issued the receipt allegedly provided to Plaintiff. | May be contacted through WHBM's counsel. |

| Name | Facts or Information Known | Contact Information |
|---|---|---|
| Melody Jubert | Ms. Jubert has knowledge of WHBM's policies and procedures concerning the training to complete sales and issue receipts such as the receipt allegedly provided to Plaintiff. | May be contacted through WHBM's counsel. |
| Steve Allison | Mr. Allison has knowledge concerning the implementation of WHBM's cash register system and knowledge of the contract negotiation with Fujitsu for the subject cash register system. | May be contacted through WHBM's counsel. |
| Fujitsu America, Inc. | Fujitsu would have knowledge of the subject cash register system. | 1250 East Arques Avenue Sunnyvale, CA 94085 |

For documents, WHBM refers Plaintiff to its responses to Plaintiff's Request for Production of Documents.

**INTERROGATORY NO. 12:**

State how and when White House Black Market was first informed about FACTA's prohibition against printing certain card information on debit or credit card transaction receipts, and identify all lawyers, consultants and others who gave Defendant information, instruction or advice about FACTA's requirements, and the dates they gave it.

**RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiving its General Objections, WHBM states that it is unable to determine the exact date that it was first informed about FACTA's requirements summarized above or how it was so informed.

**INTERROGATORY NO. 13:**

State in detail all steps you have taken to comply with FACTA requirements for printing debit or credit card information on transaction receipts and, for each such action, identify: (a) the person(s) who decided to take the action, (b) the date the decision was made; (c) the date the decision was implemented; and (d) all documents that support your answer.

**RESPONSE TO INTERROGATORY NO. 13:**

Subject to and without waiving its General Objections, WHBM states that it

has retained vendors for its point-of-sale equipment and software and has required

the vendors to install the equipment and software in a manner that complies with

FACTA.  Further, when WHBM learned of the issue concerning truncation in this

matter, it immediately took remedial measures and the system was updated within

four business days after such notice.  Susan Faw, WHBM's Vice President of

Legal and Chief Compliance Officer, has knowledge of the receipt of the lawsuit in

this matter and the measures taken to update the system within four business days

of receipt of the lawsuit.  Supporting documents concerning these post-lawsuit

events are privileged.  A privilege log is produced herewith.

**INTERROGATORY NO. 14:**

Identify all documents you received at any time before May 16, 2015, that contain information about FACTA's requirements.

**RESPONSE TO INTERROGATORY NO. 14:**

Subject to and without waiving its General Objections, WHBM states that it

is not in possession of any such documents.

**INTERROGATORY NO. 15:**

Identify, describe, and define each database and other data storage
mechanism containing any information responsive to these discovery requests
(such as the information requested in Interrogatories #2 - #4, and document request
#2), and for each identify: (a) the software platform or interface on which it
operates (e.g. Oracle, Access, etc.); (b) all employees and third-party entities and
persons responsible for maintaining, administrating, hosting, housing, managing or
otherwise handling the database or storage mechanism and the information within
it, (c) its data dictionary; (d) and the key(s) to its the data tables.

**RESPONSE TO INTERROGATORY NO. 15:**

WHBM objects to the undefined term "data storage mechanism" as vague

and ambiguous.   Subject to and without waiving its General and Specific

Objections, WHBM refers Plaintiff to the list of databases produced herewith.

WHBM designates this information as Confidential under the protective order in

this case.

**INTERROGATORY NO. 16:**

With respect to each expert that you may ask to give evidence in this case,
please: (a) identify the expert, (b) state the subject matter of the expert's expertise;
(c) state the expert's complete educational background, academic degrees,
employment history, employment experience (including all other matters in which
the expert has been engaged as an expert, identifying who engaged the expert in
each such matter); (d) state any other matter that you contend qualifies the expert
as an expert; (e) identify each document given to the expert; (f) identify each

document the expert gives you; (f) state the substance of all facts and opinions to which the expert may testify in this case; and (g) state all facts, assumptions and other matters on which the expert's opinions for this case are based.

**RESPONSE TO INTERROGATORY NO. 16:**

Subject to and without waiving its General Objections, WHBM states that it will designate any expert in accordance with the Federal Rules of Civil Procedure and the Scheduling Order in this case.

**INTERROGATORY NO. 17:**

Identify the software and equipment used to gather and store White House Black Market customer and transaction information, including but not limited to customer information obtained during point-of-sale transactions at White House Black Market locations, at any time since May 16, 2010.

**RESPONSE TO INTERROGATORY NO. 17:**

WHBM objects to this Interrogatory on the ground that it seeks information that is outside of the statute of limitations and is, therefore, overly broad, unduly burdensome, and neither relevant to the case nor reasonably calculated to lead to the discovery of admissible evidence. WHBM additionally objects to this Interrogatory on the basis that it is vague because the term "customer" is not defined. WHBM further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant to this case nor reasonably likely to lead to the discovery of admissible evidence because the software and equipment used to gather and store this information did not create

the issue concerning truncation of the credit card number on the receipt(s). Subject to and without waiving its General and Specific Objections, WHBM incorporates its responses to Interrogatory Nos. 4 and 15, above.

**INTERROGATORY NO. 18:**

Identify all third parties and White House Black Market employees involved in setting up, calibrating, programming or servicing the software and equipment used to gather and store White House Black Market customer and transaction information at any time since May 16, 2010, and for each state the date range of their involvement and what their involvement entailed.

**RESPONSE TO INTERROGATORY NO. 18:**

WHBM objects to this Interrogatory on the basis that it is vague because the term "customer" is not defined. Subject to and without waiving its General and Specific Objections, WHBM incorporates its response to Interrogatory No. 7, above.

**INTERROGATORY NO. 19:**

Identify every complaint you have received stating that you have not complied with FACTA, and/or for identify theft, and state the person(s) making the complaint, the date of the complaint, and how the complaint was received.

**RESPONSE TO INTERROGATORY NO. 19:**

WHBM objects to this Interrogatory as vague and ambiguous because the undefined term "complaint" is capable of multiple meanings. Subject to and without waiving its General and Specific Objections, WHBM states that, other than

this lawsuit, it has not received any lawsuits or similar "complaints" regarding

FACTA compliance.

**INTERROGATORY NO. 20:**

Identify any data that was in Defendant's possession, custody or control and has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten whether pursuant to a document retention policy or otherwise since the date this lawsuit was filed. Specifically identify data, including documents, that relate or refer to the subject matter of this litigation.

**RESPONSE TO INTERROGATORY NO. 20:**

Subject to and without waiving its General Objections, WHBM states that it

is not aware of any such data.

**INTERROGATORY NO. 21:**

Identify all businesses operated by Defendant and including but not limited to identification of their retail locations and corporate headquarters.

**RESPONSE TO INTERROGATORY NO. 21:**

WHBM objects to the undefined phrase "all businesses" on the basis that it

is vague and ambiguous. Subject to and without waiving its General and Specific

Objections, WHBM states that it has identified all WHBM retail stores operated by

WHBM as of July 2015 in response to Plaintiff's Request for Production of

Documents.

**INTERROGATORY NO. 22:**

Explain the basis for any claim that any violation committed by Defendant was unintentional or occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such violation, including but not limited to identifying what procedures are maintained and how they are adapted to avoid the matters complained of.

**RESPONSE TO INTERROGATORY NO. 22:**

WHBM objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege. WHBM further objects to this Interrogatory to the extent it seeks to shift the burden of proof on this issue from Plaintiff to WHBM. Subject to and without waiving its General and Specific Objections, WHBM incorporates its response to Interrogatory No. 5, above.

**INTERROGATORY NO. 23:**

State the factual basis for each alleged defense you raise in this lawsuit, and identify all documents supporting the same.

**RESPONSE TO INTERROGATORY NO. 23:**

Subject to and without waiving its General Objections, and without assuming the burden of proof where it otherwise rests with Plaintiff, WHBM states the following:

**First Defense**

The factual bases for its First Defense are set forth in its previously filed motion to dismiss.

### Second Defense

The factual bases for its Second Defense are set forth in its previously filed motion to dismiss.

### Third Defense

The factual bases for its Third Defense are set forth in its previously filed motion to dismiss.

### Fourth Defense

The factual bases for its Fourth Defense are set forth above and reflected in the documents that it has produced in response to Plaintiff's Request for Production of Documents.

### Fifth Defense

The factual basis for its Fifth Defense is that Plaintiff failed to take all available steps to protect herself from an increased risk of identity theft.

### Seventh Defense

The factual basis for its Seventh Defense is that WHBM followed reasonable procedures as set forth above and did not willfully violate FACTA.

### Eighth Defense

The factual basis for its Eighth Defense is that WHBM followed reasonable procedures as set forth above and did not willfully violate FACTA.

### Ninth Defense

The factual basis for its Ninth Defense is that WHBM followed reasonable procedures as set forth above and did not willfully violate FACTA.

### Eleventh Defense

The factual basis for its Eleventh Defense is that Fujitsu and/or Plaintiff were responsible for any damages that Plaintiff suffered.

WHBM reserves the right to supplement this response as discovery progresses.

Dated:  November 11, 2016.

KING & SPALDING LLP

/s/ *Barry Goheen*
Barry Goheen (Ga. Bar No. 299203)
J. Anthony Love (Ga. Bar No. 459155)
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  bgoheen@kslaw.com
Email:  tlove@kslaw.com

*Attorneys for Defendant White House Black Market, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that 14-point Times New Roman was used for this document and that it has been formatted in compliance with Local Rule 5.1.

DATED:  November 11, 2016.

/s/ *Barry Goheen*
Barry Goheen

## **VERIFICATION**

STATE OF FLORIDA     )
                              )
COUNTY OF LEE       )

NANCY HOLLAND, an employee with Chico's FAS, Inc., having personally appeared before me, the undersigned authority duly authorized to administer oaths, and, after first being duly sworn, deposes and states that she is authorized to make this Verification on behalf of White House Black Market, Inc. and that the responses set forth in the foregoing DEFENDANT WHITE HOUSE BLACK MARKET, INC.'s OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES NOS. 2, 3, 4, 5, 6, 7, 11 and 15, in the case of *Jill Altman v. White House Black Market, Inc.*, Case No.: 1:15-cv-02451-SCJ-CMS, are true and correct to the best of her present knowledge, information and belief.

This 10th day of November, 2016.



TRACI D. BUSCH
Notary Public - State of Florida
Commission # FF 907431
My Comm. Expires Nov 30, 2019
Bonded through National Notary Assn.

NANCY HOLLAND

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 10th day of November, 2016.

SHE IS PERSONALLY KNOWN TO ME.

Notary Public

## VERIFICATION

STATE OF FLORIDA )
                                        )
COUNTY OF LEE )

MELODY JUBERT, an employee with Chico's FAS, Inc., having personally appeared before me, the undersigned authority duly authorized to administer oaths, and, after first being duly sworn, deposes and states that she is authorized to make this Verification on behalf of White House Black Market, Inc. and that the responses set forth in the foregoing DEFENDANT WHITE HOUSE BLACK MARKET, INC.'s OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES NOS. 4, 5, 6, 11 and 21, in the case of *Jill Altman v. White House Black Market, Inc.*, Case No.: 1:15-cv-02451-SCJ-CMS, are true and correct to the best of her present knowledge, information and belief.

This 10ᵗʰ day of November, 2016.

TRACI D. BUSCH
Notary Public - State of Florida
Commission # FF 907431
My Comm. Expires Nov 30, 2019
Bonded through National Notary Assn.

MELODY JUBERT

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 10ᵗʰ DAY
OF NOVEMBER, 2016.

SHE IS PERSONALLY KNOWN TO ME.

Notary Public

## VERIFICATION

STATE OF FLORIDA     )
                     )
COUNTY OF LEE        )

JEFF CLEMENTS, an employee with Chico's FAS, Inc., having personally appeared before me, the undersigned authority duly authorized to administer oaths, and, after first being duly sworn, deposes and states that he is authorized to make this Verification on behalf of White House Black Market, Inc. and that the responses set forth in the foregoing DEFENDANT WHITE HOUSE BLACK MARKET, INC.'s OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES NOS. 4 and 7, in the case of *Jill Altman v. White House Black Market, Inc.*, Case No.: 1:15-cv-02451-SCJ-CMS, are true and correct to the best of his present knowledge, information and belief.

This 10th day of November, 2016.

_____
JEFF CLEMENTS

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 10th DAY
OF NOVEMBER, 2016.

HE IS PERSONALLY KNOWN TO ME.

_____
Notary Public

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing document by electronic mail to the following counsel of record:

Shimshon Wexler
Attorney at Law
315 W Ponce de Leon Ave., Suite 250
Decatur, GA 30030
swexleresq@gmail.com

Bryant T. Lamer
Spencer Fane Britt & Brown - MO
STE 1400
Kansas City, MO 64106
blamer@spencerfane.com

*Attorneys for Plaintiff*

DATED:  November 11, 2016.

/s/ *Barry Goheen*
Barry Goheen