UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JILL ALTMAN, individually, and on behalf of a class, ) ) ) Plaintiff, ) ) v. ) ) WHITE HOUSE BLACK ) MARKET, INC., and DOES 1-10, ) ) Defendant. ) ) | Civil Action No. 1:15-cv-2451-SCJ-CMS |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Concerning Plaintiff's class certification motion (Doc. 63), Plaintiff serves notice to direct the Court's attention to *Dickens v. G.C. Servs.*, 2017 U.S. App. LEXIS 16095 (11th Cir. Aug. 23, 2017) (per curiam, unpublished), which reversed a denial of class certification. The decision is relevant in two respects.

First, Defendant WHBM cites the *Dickens* district court decision to oppose class certification (Doc. 77 at 29), so WHBM is now relying on an invalid decision.

Second, *Dickens* reversed a denial of class certification in part because it rejected arguments WHBM makes to challenge Plaintiff's adequacy to represent the class. WHBM claims Plaintiff is inadequate because WHBM speculates some class members may wish to seek actual damages from getting a receipt showing ten digits of their credit card number, whereas Plaintiff only seeks the $100-to-$1000 statutory damages recoverable

under FACTA. The Eleventh Circuit ruled the mere possibility that some class members might seek actual damages instead of statutory damages does not make the plaintiff inadequate. *Dickens*, 2017 U.S. App. LEXIS 16095 at *13 ("the district court's stated reason for finding Dickens inadequate-that he sought only statutory damages-created no substantial conflict of interest."), and *15 ("the district court concluded that where the proposed class representative fails to seek every remedy that *possibly*-as opposed to probably-would be sought by absent class members, the representative is inadequate. That proposition contradicts our admonition that minor conflicts alone are insufficient to deem a representative inadequate.") (italics in original, citation omitted).

Relatedly, the Eleventh Circuit noted the defendant, like WHBM, argued the class had no or little actual damages. The Court then agreed with Plaintiff that if some class members actually incurred actual damages greater than recoverable statutory damages, they can simply exercise their right to exclude themselves from the class. *See id.* at *15-*16 ("Indeed, any conflict between Dickens and class members who have suffered actual damages is especially minimal given that in the rare circumstance in which a class member suffered actual damages, the class member could simply opt out of the class and pursue litigation on his own."); and *see* Doc. 79 at 14.

        Respectfully submitted,

        Justin T. Holcombe
        Skaar & Feagle, LLP
        (Ga. Bar No. 552100)

1

133 Mirramont Lake Drive
Woodstock, GA 30189
Telephone: (770) 427-5600

*s/ Michael S. Hilicki*
(*admitted Pro Hac Vice*)
Keith J. Keogh
Michael S. Hilicki
Keogh Law, Ltd.
55 West Monroe St., Suite 3390
Chicago, IL 60603
Telephone: (312) 726-1092
keith@keoghlaw.com
mhilicki@keoghlaw.com

Bryant Lamer
Spencer Fane
1000 Walnut, Suite 1400
Kansas City, MO 64106
Ph: 816.292.8296
blamer@spencerfane.com

Plaintiff's Counsel

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using 13 point Book Antigua font.

By: /s/ Michael S. Hilicki
     An Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which electronically delivered a copy to the parties listed below.

Barry Goheen
J. Anthony Love
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
404-572-4600
Fax: 404-572-4618
bgoheen@kslaw.com
tlove@kslaw.com

>                               */s/ Michael S. Hilicki*
>                               An Attorney for Plaintiff

4