UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JILL ALTMAN, individually and on behalf of a class, )<br><br>Plaintiff, )<br><br>vs. )<br><br>WHITE HOUSE BLACK MARKET, INC., and DOES 1-10, )<br><br>Defendants. ) | Civil Action No.:<br>1:15-cv-02451-SCJ-CMS |

## DEFENDANT WHITE HOUSE BLACK MARKET, INC.'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant, White House Black Market, Inc. ("WHBM"), files this Notice of Supplemental Authority in Support of its Opposition to Plaintiff's Motion for Class Certification to notify the Court of recent decisions in two proposed FACTA class actions: (1) the September 27, 2017 order from the United States District Court from the Southern District of Florida in *Gesten v. Burger King Corp.*, No. 17-22541-CIV, 2017 WL 4326101 (S.D. Fla. Sept. 27, 2017) (copy attached as Exhibit A); and (2) the September 28, 2017 order from United States District Court for the Southern District of Florida in *Guarisma v. Hyatt Equities, LLC*, __ F. Supp. 3d __, Case No. 1:17-cv-20931-UU (S.D. Fla. Sept. 28, 2017) (copy attached as Exhibit B).

1

In *Gesten*, the court considered a FACTA class action virtually identical to the present case where the plaintiff received a sales receipt that displayed the first six and last four digits of the account number. The plaintiff alleged that he was at a heightened risk of identity theft as a result. *Gesten*, 2017 WL 4326101, *1. Granting the defendant's motion to dismiss for lack of standing, the court observed that "the Eleventh Circuit had not had occasion to consider the question of standing in a case involving a violation of FACTA" but noted that the Second Circuit and several district courts have held that printing the first six digits of a card number on a receipt does not constitute an injury in fact "because the first six digits merely identify the institution that issued the card and are not part of the consumer's unique account number." *Id.*, *2-3. As a result, providing the first six digits does not provide any information to an identity thief other than what Congress has permitted to be printed on receipts. *Id.*, *2.

The court recognized that some district courts in the Eleventh Circuit had held otherwise, but noted that those decisions relied, either directly or indirectly, on the pre-*Spokeo* decision of *Hammer v. Sam's E., Inc.*, 754 F.3d 492 (8th Cir. 2014), and that *Hammer* and similar "right-to-information cases" could be distinguished. *Id.*, *3-4. The court then held that dismissal was appropriate under

*Spokeo* because "this case presents a perfect example of a procedural violation that may result in not harm." *Id.*, *5.

In *Guarisma*, another proposed FACTA class action, the court denied the plaintiff's motion for class certification. Of particular note here, the court held that the "demanding" predominance requirement was not satisfied because "each class member would have to submit evidence to show that they received a 'receipt provided to the cardholder at the point of sale or transaction' that violated FACTA." *Guarisma*, Slip Op. at 21 (quoting 15 U.S.C. § 1681c(g)).

Furthermore, the court held that a class action was not the superior method for adjudicating a FACTA claim because "there is no financial impediment for a person who receives a non-compliant receipt from finding a good lawyer to bring an individual claim." *Id.* at 24 (citing *Grimes v. Rave Motion Pictures Birmingham*, 264 F.R.D. 659, 669 (N.D. Ala. 2010)).[1]

Dated: October 19, 2017.

---

[1] WHBM quoted exactly this passage from *Grimes* in its opposition brief. (Doc. 73 at 34.) The *Guarisma* court also cited the Fifth Circuit's decision in *Ticknor v. Rouse's Enterpreises, L.L.C.*, 592 Fed. Appx. 276 (5th Cir. 2014) (*Guarisma*, Slip Op. at 22-23), another case WHBM cited in its opposition brief. (Doc. 73 at 35 n.7.)

3

Respectfully submitted,

KING & SPALDING LLP

/s/ *Barry Goheen*
Barry Goheen
J. Anthony Love
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  bgoheen@kslaw.com
Email:  tlove@kslaw.com

*Attorneys for Defendant White House Black Market, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that 14-point Times New Roman was used for this document and that it has been formatted in compliance with Local Rule 5.1.

DATED:  October 19, 2017.

/s/ *Barry Goheen*
Barry Goheen

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing Notice of Supplemental Authority with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Justin T. Holcombe
Kris Skaar
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189
jholcombe@skaarandfeagle.com
kskaar@skaarandfeagle.com

Cliff R. Dorsen
Skaar & Feagle, LLP
2374 Main Street, Suite B
Tucker, GA 30084
cdorsen@skaarandfeagle.com

Bryant T. Lamer
Spencer Fane Britt & Brown - MO
STE 1400
Kansas City, MO 64106
blamer@spencerfane.com

Michael S. Hilicki
Keith James Keogh
Keogh Law, Ltd.
55 W. Monroe, Ste. 3390
Chicago, IL 60603
MHilicki@keoghlaw.com
Keith@keoghlaw.com

*Attorneys for Plaintiff*

DATED: October 19, 2017.

/s/ *Barry Goheen*
Barry Goheen