UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JILL ALTMAN, individually, and on behalf of a class, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WHITE HOUSE BLACK MARKET, INC., and DOES 1-10, )<br>)<br>Defendant. ) | Civil Action No.<br>1:15-cv-2451-SCJ-CMS |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S NOTICE OF AUTHORITY**

Putting aside that the cited district court decisions are not "authority," WHBM's notice of *Gesten v. Burger King Corp.*, No. 17-22541-CIV, 2017 WL 4326101 (S.D. Fla. Sept. 27, 2017); and (2) *Guarisma v. Hyatt Equities*, LLC, _ F. Supp. 3d _, Case No. 1:17-cv-20931-UU (S.D. Fla. Sept. 28, 2017), does not help it because:

1) *Guarisma* directly contradicts WHBM's Article III standing argument, *i.e.*, it finds, like all courts in this Circuit besides *Gesten*, that a violation of one's FACTA rights is an injury conferring Article III standing;

2) *Gesten*'s discussion of the standing issue is flawed because it simply assumes without analysis that FACTA rights are "procedural" instead of "substantive," it does not address the Supreme Court's decision in *Havens Realty v. Coleman* or the Eleventh Circuit's decision in *Houston v. Marod Supermarkets*, and thus *Gesten* does not reconcile

itself with the authority or reasoning this Court followed to reject WHBM's standing argument. (Doc. 28 at pp. 8-13);[1] and

3) Regarding class certification, the individual issue presented in *Guarisma* does not exist here.  Specifically, *Guarisma* involved a hotel folio receipt that was only provided to guests if they checked out at the front desk, and there was no evidence which guests went to the front desk to check out.  Therefore, the court found the individual issue of which class members got a receipt predominated.  By contrast, here WHBM already identified every putative class member who visited a WHBM store, made payment, and got a violative receipt. (*See* Doc. 79 at 4; Doc. 64 at 12).

Specifically, as explained in her class certification reply brief, "Plaintiff asked WHBM to identify all transactions for which it *printed* a receipt that disclosed more than the last five digits of the person's credit or debit card number, WHBM produced a

---

[1] *Gesten* is also flawed because relied on a FACTA amendment (the "Clarification Act") that only applied to past cases involving expiration dates and did not otherwise change the law (*see Wood v. J. Choo USA, Inc.*, 201 F.Supp.2d 1332, 1338-1339 (S.D. Fla. 2016)), *Gesten* incorrectly claimed some cases finding standing under FACTA relied on authority that allegedly was "superceded" by *Spokeo* when in fact "*Spokeo* itself did not state that it is redefining the injury-in-fact requirement" *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 638 (3rd Cir. 2017), and *Gesten* erroneously assumed disclosing the first six digits of a credit card number on a transaction receipt cannot cause harm because they identify the card issuer, whose name is not protected from disclosure, when actually Congress passed FACTA out of concern about wrongdoers deducing the credit card *number* (not issuer), which cannot be reverse-engineered for a particular card based on the issuer's name because banks issue cards using numerous different first-six digit combinations. *See*, *e.g.*, www.creditcardvalidator.org/bank-of-america (last visited Oct. 19, 2017) (Bank of America uses nearly 250 different combinations).

spreadsheet listing actual card transactions, and WHBM swore the transactions 'are responsive' to the interrogatory. (Doc. 64-1 at 5-6)." (Doc. 79 at 4). Furthermore, although WHBM tried to contradict its sworn discovery answer in its brief by suggesting some class members only got an email receipt instead of a printed receipt, WHBM withdrew that argument to avoid having to gather and produce discovery that would have identified who those people are (if any). (Doc. 91 at 2) ("WHBM 'withdraws any arguments or defenses based on the existence of email-only customers.'")). Finally, WHBM admits all customers not sent an email receipt got a printed receipt, and that even those who got an email receipt may have still received a printed receipt. (*See* Doc. 74 at 11-12).  Accordingly, because WHBM already swore all putative class members that it identified got printed receipts, and because it no longer argues that actually some only got email receipts, the individual issue of determining which class members got a receipt in *Guarisma* simply does not exist here.

                                  Respectfully submitted,

                                  Justin T. Holcombe
                                  Skaar & Feagle, LLP
                                  (Ga. Bar No. 552100)
                                  133 Mirramont Lake Drive
                                  Woodstock, GA 30189
                                  Telephone: (770) 427-5600

                                  *s/ Keith J. Keogh*
                                  (*admitted Pro Hac Vice*)
                                  Keith J. Keogh
                                  Michael S. Hilicki

Keogh Law, Ltd.
55 West Monroe St., Suite 3390
Chicago, IL 60603
Telephone: (312) 726-1092
keith@keoghlaw.com
mhilicki@keoghlaw.com

Bryant Lamer
Spencer Fane
1000 Walnut, Suite 1400
Kansas City, MO 64106
Ph: 816.292.8296
blamer@spencerfane.com

Plaintiff's Counsel

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using 13 point Book Antigua font.

By: /s/ Keith J. Keogh
      An Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that on September 1, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which electronically delivered a copy to the parties listed below.

    Barry Goheen
    J. Anthony Love
    King & Spalding
    1180 Peachtree Street, N.E.
    Atlanta, GA 30309-3521
    404-572-4600
    Fax: 404-572-4618
    bgoheen@kslaw.com
    tlove@kslaw.com

                                        */s/ Keith J. Keogh*
                                        An Attorney for Plaintiff