## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 11, 2018

James N. Hatten
Richard B. Russell Bldg & US Courthouse
2211 UNITED STATES COURTHOUSE
75 TED TURNER DR SW
STE 2211
ATLANTA, GA 30303-3309

Appeal Number: 18-90005-E
Case Style: White House Black Market, Inc. v. Jill Altman
District Court Docket No: 1:15-cv-02451-SCJ-JKL

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Gloria M. Powell, E/lt
Phone #: (404) 335-6184

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 18-90005-E

WHITE HOUSE BLACK MARKET, INC.,

                                                     Petitioner,

versus

JILL ALTMAN,
individually and on behalf of a class,

                                                     Respondent.

Petition for Permission to Appeal an Order from the United States
District Court for Northern District of Georgia

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

BY THE COURT:

Before us is White House Black Market's petition for permission to interlocutorily appeal, pursuant to Federal Rule of Civil Procedure 23(f), the district court's class certification.

We consider Rule 23(f) petitions with restraint and do not grant them as a matter of course. *Prado-Steiman ex rel. Prado v. Bush*, 221 F. 3d 1266, 1277 (11th Cir. 2000). In reviewing a Rule 23(f) petition, we must consider five factors: (1)

whether the district court ruling likely disposes of further litigation of the matter; (2) "whether the petitioner has shown a substantial weakness in the class certification decision" tantamount to an abuse of discretion; (3) whether an appeal "will permit the resolution of an unsettled legal issue that is 'important to the particular litigation as well as important in itself'"; (4) the suitability of the case for appellate review in light of "the status of discovery, the pendency of relevant motions, and the length of time the matter already has been pending"; and (5) the likelihood that other events, inside or outside the litigation, make interlocutory appellate review less important. *Id.* at 1274–76.

After careful review of the petition and opposition filed by the parties, we conclude that petitioners have not shown the necessity of interlocutory appeal of the class certification.

The petition for permission to appeal is **DENIED**.