# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JILL ALTMAN, individually and on behalf of a class, </br></br> Plaintiff, </br></br> vs. </br></br> WHITE HOUSE BLACK MARKET, INC., and DOES 1-10, </br></br> Defendants. | Civil Action No.: </br> 1:15-cv-02451-SCJ-JKL |

## JOINT MOTION TO STAY SETTLEMENT PROCEEDINGS

Plaintiff, Jill Altman, and Defendant, White House Black Market, Inc., jointly move to stay consideration of the class action settlement agreement in this matter pending the resolution of *Price, et al. v. Godiva Chocolatier, Inc.*, Case No. 16-16486 (11th Cir.) (also known as *Muransky v. Godiva Chocolatier, Inc.*), for which an opinion has been issued, but for which no mandate has yet been issued, as the deadline for any petition for rehearing is due October 24, 2018. As grounds for this motion, the parties state as follows:

1.  On July 7, 2018, the parties reached an agreement in principle to settle all claims on a classwide basis.

2. On October 22, 2018, the parties finalized and signed their proposed class action settlement agreement in this matter. [See Settlement Agreement, attached as Exhibit A].

3. The settlement agreement acknowledges "the outcome of the case of *Price, et al. v. Godiva Chocolatier, Inc.*, No. 16-16486 (11th Cir.), which is fully briefed and was argued in January 2018, could affect the Court's subject matter jurisdiction over this case." [Exhibit A at p.4]. Like here, *Price* is a class action arising under FACTA in which the Eleventh Circuit was asked to decide whether the district court has subject matter jurisdiction to approve the settlement. During *Price*'s pendency, this Court *sua sponte* granted WHBM leave to ask the Eleventh Circuit to let it take an interlocutory appeal from the denial of its motion to dismiss raising that same issue. The uncertainty about the outcome of *Price* and other FACTA cases deciding standing issues under the Supreme Court's *Spokeo* decision is a factor underpinning the instant settlement. [*Id.* at p.36, § W].

4. The Eleventh Circuit issued an opinion in *Price* on October 3, 2018, finding that the plaintiff in that case had standing, and thus that the district court had subject matter jurisdiction. However, no mandate has been issued yet, and thus the decision is not final, because the deadline for seeking a rehearing or rehearing

2

*en banc* has not expired. The deadline for any petition for rehearing or rehearing *en banc* is October 24, 2018.

5.     If a petition for rehearing is filed, then it will need to be resolved before the final outcome of the *Price* appeal is known.

6.     To avoid a substantial waste of judicial and monetary resources, consideration of the instant settlement should be stayed pending the resolution of any petition for rehearing in *Price*. The proposed settlement class here has over 250,000 members, and the claims administrator engaged to send notice to the settlement class estimates the cost of notice and administering the settlement will exceed $200,000 assuming a reasonable claims rate. It would be a waste to incur this expense, and have the Court spend time considering the settlement and approve it, only to see *Price* reversed, and the case dismissed for lack of subject matter jurisdiction.

7.     Alternatively, if no petition for rehearing is filed, the parties are prepared to promptly move for preliminary approval of the settlement agreement.

8.     Accordingly, the parties jointly move the Court to stay consideration of the filed settlement agreement pending the resolution of *Price*. If this motion is granted, the parties also propose to either file a report within thirty days to advise

the Court of the status of proceedings in *Price* or, if no petition for rehearing is filed, to promptly proceed with seeking preliminary approval.

WHEREFORE, the parties respectfully request that the Court enter an order staying consideration of the settlement agreement in this matter attached hereto until the resolution of proceedings in *Price, et al. v. Godiva Chocolatier, Inc.*, Case No. 16-16486 (11th Cir.) (also known as *Muransky v. Godiva Chocolatier, Inc.*), and directing the parties to either file a status report on *Price* within thirty days or, if no petition for rehearing is filed in that case, then to promptly move for preliminary approval of the settlement here.

Respectfully submitted this 22nd day of October, 2018.

*/s/ Barry Goheen*
Barry Goheen
J. Anthony Love
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  bgoheen@kslaw.com
Email:  tlove@kslaw.com
*Attorneys for Defendant White House Black Market, Inc.*

*/s/ Michael S. Hilicki*
(admitted *pro hac vice*)
Keith J. Keogh
Michael S. Hilicki

        Keogh Law, Ltd.
        55 West Monroe St., Suite 3390
        Chicago, IL 60603
        Telephone: (312) 726-1092
        keith@keoghlaw.com
        mhilicki@keoghlaw.com

*One of the attorneys for the Class*

5

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that 14-point Times New Roman was used for this document and that it has been formatted in compliance with Local Rule 5.1.

DATED:  October 22, 2018.

                                    */s/ Michael S. Hilicki*
                                    Michael S. Hilicki

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Barry Goheen
J. Anthony Love
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  bgoheen@kslaw.com
Email:  tlove@kslaw.com

DATED:  October 22, 2018.

/s/ *Michael S. Hilicki*
Michael S. Hilicki